

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2628
DIRECT FAX
917-777-2628
EMAIL ADDRESS
JKASNER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 8, 2008

BY HAND

Hon. Richard M. Berman
United States District Judge
United States District Court
 Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

**MEMO ENDORSED**
p.3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/8/08

Re: Cohen v. Bear Stearns Companies, Inc.
 07 CV 10453 (RAB)

Dear Judge Berman:

We represent The Bear Stearns Companies, Inc. ("Bear Stearns") and certain individual defendants in the above-referenced action. We write in advance of the conference scheduled for January 10 at 9:30 a.m. to request a pre-motion conference in connection with defendants' anticipated motion to dismiss this purported derivative action pursuant to Fed. R. Civ. P. 12(b)(6) and 23.1 for failure to make a pre-suit demand on the Bear Stearns board of directors.

**Background**

As with many financial institutions throughout the country, Bear Stearns has been impacted by recent adverse developments in the credit markets, including relating to so-called subprime loans. Plaintiff, a purported shareholder of Bear Stearns, now seeks to bring a derivative action for the benefit of Bear Stearns against members of its board of directors as well as certain present and former Bear Stearns officers. Plaintiff asserts claims for alleged breach of fiduciary duties, violations of federal and state law, corporate waste, abuse of control and gross

Hon. Richard M. Berman
January 8, 2008
Page 2

mismanagement allegedly arising out of Bear Stearns' exposure to the subprime markets. For the Court's convenience, a copy of the Complaint is enclosed.

### Anticipated Basis For Motion to Dismiss

As this is a shareholder derivative action, plaintiff must satisfy the heightened pleading requirements of Rule 23.1 of the Federal Rules of Civil Procedure; specifically, "the complaint must state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors . . . and (B) the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1. This rule reflects the fundamental principle of corporate law that the business and affairs of a corporation, including whether to commence litigation in the company's name, shall be conducted by the board of directors. Lewis v. Graves, 701 F.2d 245, 247 (2d Cir. 1983).

Here, plaintiff elected not to make a demand on the Bear Stearns board of directors prior to commencing this action. As a result, the suit can proceed "only if the complaining stockholder, in his complaint, makes well pleaded allegations that demand on the corporation is futile." Burghart v. Landau, 821 F. Supp. 173, 179 (S.D.N.Y. 1993) (applying Delaware law).[1] Plaintiff must overcome a heightened pleading standard to excuse the failure to make a demand. Lewis, 701 F.2d at 247. "To comply with Fed. R. Civ. P. 23.1, a plaintiff must plead the futility of demand with specific factual allegations." Halpert Enterprises, Inc. v. Harrison, 362 F. Supp. 2d 426, 429 (S.D.N.Y. 2005). "A plaintiff may not simply rely on conclusory allegations." Id.

---

[1] Although Fed. R. Civ. P. 23.1 mandates a heightened pleading requirement, "[t]he demand requirements for a derivative suit are determined by the law of the state of incorporation." In re Forest Laboratories, Inc. Derivative Litig., 450 F. Supp. 2d 379, 387 (S.D.N.Y. 2006) (citing Kamen v. Kemper Fin. Servs. Inc., 500 U.S. 90, 99 (1991)). Here, Delaware's substantive law governs because Bear Stearns is a Delaware corporation. (Compl. ¶ 12.)

Hon. Richard M. Berman
January 8, 2008
Page 3

        Plaintiff contends in conclusory fashion that a demand on the Bear Stearns board of directors would have been futile because the directors -- a majority of whom are non-management, outside directors -- face a substantial threat of personal liability, did not exercise valid business judgment and purportedly allowed Bear Stearns to not accurately describe the risks it faced as a result of its exposure to the subprime market. (Compl. ¶¶ 65-74) None of plaintiff's allegations aver, with sufficient particularity, facts justifying his failure to have made a pre-suit demand. See generally Lewis, 701 F.2d at 248-49; Halpert Enterprises, 362 F. Supp. 2d at 432-33.

        Plaintiff's failure to have made a pre-suit demand is a threshold issue. If the Court determines that demand was not excused, the complaint should be dismissed and there will be no need for further proceedings. Accordingly, defendants respectfully request that they be permitted to file a motion to dismiss the complaint on the ground that plaintiff failed to make a pre-suit demand prior to moving on any other potentially dispositive issues. The individual defendants represented by Gibson, Dunn & Crutcher LLP join in this request and plaintiff had indicated that it does not object to this suggested approach for motion practice.

Respectfully,

Jay B. Kasner

PLAINTIFF TO RESPOND WITH A BRIEF LETTER BY 1/9/07 AT 2:00 P.M.

SO ORDERED:
Date: 1/8/08

Richard M. Berman, U.S.D.J.

Enclosure

cc: All counsel (w/o encl.)