UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL T. COHEN and JEROME BIRN, On Behalf of Themselves and All Others Similarly Situated and Derivatively on Behalf of THE BEAR STEARNS COMPANIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> JAMES E. CAYNE, SAMUEL L. MOLINARO, JEFFREY M. FARBER, JEFFREY MAYER, MICHAEL MINIKES, ALAN D. SCHWARTZ, WARREN J. SPECTOR, HENRY BIENEN, CARL D. GLICKMAN, MICHAEL GOLDSTEIN, ALAN C. GREENBERG, DONALD J. HARRINGTON, FRANK T. NICKELL, PAUL A. NOVELLY, FREDERIC V. SALERNO, VINCENT TESE, WESLEY S. WILLIAMS, JR., <br><br> Defendants, <br> -and- <br><br> THE BEAR STEARNS COMPANIES, INC., a Delaware corporation, <br><br> Nominal Defendant. | **Civil Action No. 07-cv-10453-RWS** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS SAMUEL T. COHEN'S AND JEROME BIRN'S MOTION TO APPOINT LEAD COUNSEL <u>IN THE DERIVATIVE ACTION</u>**

TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................1

II. ARGUMENT .....................................................................................................2

    A.  The Derivative Action is Not Governed by the PSLRA .............................2

    B.  The Court Should Appoint the Proposed Co-Lead Counsel ........................4

    C.  Brower Piven and RUF Are Outstanding Firms ..........................................6

III. CONCLUSION ..................................................................................................7

I.    **INTRODUCTION**

Samuel T. Cohen and Jerome Birn, plaintiffs ("Plaintiffs") in *Cohen, et al. v. The Bear Stearns Companies, Inc., et al.*, Case No. 1:07-cv-10453-RWS (the "Derivative Action"), respectfully submit this memorandum of law in support of their motion to appoint the law firms of Brower Piven, A Professional Corporation ("Brower Piven") and Robbins Umeda & Fink, LLP ("RUF") as Co-Lead Counsel for plaintiffs in the Derivative Action. Plaintiffs also respectfully refer the Court to their Opposition to Defendants' Informal Request to Consolidate Plaintiffs' Second Amended Complaint with the PSLRA Class Actions, and the Declaration of David A.P. Brower In Support of the Appointment of Separate Co-Lead Counsel in the Derivative Action, dated June 10, 2008 (the "Brower Declaration"), both of which are being filed simultaneously herewith,

This action was originally brought solely as shareholder derivative claims on November 19, 2007 by shareholders of The Bear Stearns Companies, Inc. ("Bear Stearns" or the "Company") on behalf of the Company and holders of Bear Stearns common stock against certain of its officers and directors seeking to remedy defendants' violations of state and federal law on behalf of Bear Stearns, including breaches of fiduciary duties, corporate mismanagement, waste of corporate assets, and unjust enrichment. This action was and is the only shareholder derivative action pending in this District. On April 10, 2008, pursuant to a scheduling order of the Honorable Richard M. Berman of this Court, Plaintiffs filed a Second Amended Complaint ("SAC") which added a class claims for breach of fiduciary duty against the individual defendants arising out of the sale of Bear Stearns to JPMorgan Chase & Co. ("Morgan"). On behalf of Bear Stearns, the SAC seeks, among other things, damages, corporate governance reforms, restitution and the declaration of a constructive trust to remedy defendants' violations of state and federal law.

Plaintiffs now seek to have Brower Piven and RUF appointed as Co-Lead Counsel for the Derivative Action. The firms are clearly qualified counsel to lead and organize the shareholder derivative action and work with lead counsel in the securities and ERISA actions. Accordingly, Plaintiffs request that this Court enter Plaintiffs Cohen's and Birn's [Proposed] Order to appoint Brower Piven and RUF as Co-Lead Counsel.

## II.    ARGUMENT

### A.    The Derivative Action is Not Governed by the PSLRA

Plaintiffs have filed an Opposition to Defendants' Informal Request to Consolidate Plaintiffs' Action with the PSLRA Class Actions. The pleading was necessary as Bear Stearns, on behalf of itself and all defendants filed a response on June 2, 2008 to certain aspects of the motions under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.* (the "PSLRA") filed by four separate shareholder groups in the three federal securities law class actions (the "PSLRA Class Actions"). In that response, in a footnote, Bear Stearns made an informal and improper request to "consolidate" the Derivative Action with the PSLRA Class Actions, and argued that the purely state-law claims in the Derivative Action should, in its view, be combined in a single consolidated amended complaint along with the claims alleged under the federal securities laws by the separate and distinct class in the PSLRA Class Actions. *See* Defendants' Resp. at 3, fn. 3.

Briefly, the PSLRA, on its face, does not encompass the types of claims alleged in the Derivative Action. Similarly, there is no federal statute governing the organization of an action asserting claims like those in the Derivative Action comparable to the PSLRA lead plaintiff provisions, and there is no such thing as a "lead plaintiff" position in a Derivative Action. Furthermore, merging a federal securities law class action brought under the PSLRA with a derivative/holders' action alleging rights predicated on state-law has no precedent under the

2

PSLRA. Indeed, such merging such claims in a federal securities law action would violate the holding in *Santa Fe Indus., Inc. v. Green,* 430 U.S. 462, 477 (1977) (rejecting claims for mismanagement as a basis for a federal securities law action).

Since Plaintiffs' claims in the Derivative Action assert claims that primarily arise from injuries to Bear Stearns before the Bear Stearns/Morgan merger, "consolidating" the two separate sets of claims is plainly inappropriate.

Furthermore, none of the PSLRA lead plaintiff competitors in their motions for consolidation have sought to consolidate the Derivative Action because, *inter alia*, none of them have sought to represent the claims of Bear Stearns or former Bear Stearns's shareholders relating to defendnats' misfeasance or malfeasance in their capacities as officers and director of Bear Stearns under state law. Indeed, Bear Stearns is expressly excluded from the class definition in all of the pending PSLRA Class Actions. Bear Stearns' exclusion from the class definition in the PSLRA Class Actions makes it plain that these two distinct types of cases are improper candidates for "consolidation" or common leadership under the PSLRA, *see* 15 U.S.C. § 78u-4(a)(3)(B)(ii) *et seq.* (directing only consolidation of actions "on behalf of a class asserting substantially the same claim or claims under [the federal securities laws]..."), or the common law of this District. *See, e.g., Kamerman v. Steinberg*, 113 F.R.D. 511, 516 (S.D.N.Y. 1986) (rejecting proposed class representative who sought to represent purchaser class claims under the federal securities laws and shareholder derivative claims as the two types of claims conflict). Clearly, these differences would make it impossible for a consolidated complaint to account for the derivative claims.

Finally, for the foregoing reasons, courts in this District, recognizing the distinctiveness of the two types of cases, have consistently established separate leadership structures for

3

derivative plaintiffs and securities class action plaintiffs. *See, e.g., In Re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, 07-cv-09633-LBS (Oct. 30, 2007), Dkt. No. 37 ¶¶ 3, 5 (appointing lead plaintiff and lead counsel under the PSLRA to represent federal securities claims and separate Plaintiffs' Executive Committee to represent derivative plaintiffs), *see* Brower Declaration, Ex. A; *see also In Re Conseco, Inc. Sec. Litig. and In Re Conseco, Inc. Derivative Litig.*, 120 F. Supp. 2d 729, 734-35 (S.D. Ind. 2000) (appointment of separate lead counsel for derivative and PSLRA actions). *In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation,* MDL No. 1658 (SRC), Master File No. 3:05-CV-1151-SRC-TJB, Pretrial Order No. 1, Initial Case Management Order (D. N.J. May 4, 2005), Dkt. No. 60 (separately consolidating each group of securities, derivative and ERISA cases, respectively, and appointing separate lead counsel for securities, derivative and ERISA cases, respectively) *see* Brower Declaration, Ex. B.

Accordingly, a separate leadership structure should be established for the Derivative Action to manage this case and coordinate with counsel appointed as Class Counsel for the PSLRA Class Actions.

B.  **The Court Should Appoint the Proposed Co-Lead Counsel**

In complex cases such as this one, it is well established that the court may appoint a plaintiff leadership structure to coordinate the prosecution of complex litigation. *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958) ("An order consolidating such [derivative] actions during the pre-trial stages, together with the appointment of a general counsel, may in many instances prove the only effective means of channeling the efforts of counsel ...."); *In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988); *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977); *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1014-15 (5th Cir. 1977). In addition, the *Manual for Complex Litigation Fourth* ("MCL 4th")

4

recognizes the benefits of promptly appointing a leadership structure of plaintiffs' counsel in complex multi-party litigation. *See* MCL 4th §22.62. This Court should appoint a leadership structure for the Derivative Action.

Courts use the following factors in determining whether that leadership structure will be most beneficial for plaintiffs: (1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) whether the plaintiffs are represented by capable counsel. *Millman v. Brinkley*, No. 1:03-CV-3831-WSD, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004); *Dollens v. Zionts*, No. 01-C-5931, 2001 WL 1543524, at *4-5 (N.D. Ill. Dec. 4, 2001).

Plaintiffs and their counsel have already demonstrated their interest and vigorousness in prosecuting their actions, as evidenced by, among other things, both their comprehensive original complaints and the extremely detailed SAC. Further, Plaintiffs have emphasized their dedication to litigating their action based on their stock ownership and complaint verification. In addition, their counsel's knowledge and understanding of what is entailed in prosecuting an action such as this, and not just a bald statement about their willingness to do so, militates strongly in favor of Brower Piven and RUF's appointment as Co-Lead Counsel.

In shareholder rights litigation, courts have also looked to the first-filed plaintiff in these determinations. *See Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003) (the "first-filed factor typically becomes decisively important only when: (1) a consideration of other relevant factors does not tilt heavily in either direction and there is a need for an objective tie-breaker..."); *see also Armstrong v. Doyle*, 20 Misc. 2d 1087, 1088-89 (N.Y. Super. Ct. 1959) (noting that in designating lead counsel in a derivative action, the court should consider the "wishes of the one who first brought suit" while ultimately making its decision on the basis of the competency and

experience of the attorneys). Plaintiff Cohen filed his shareholder derivative action first action among all of the cases before this Court, on November 19, 2007.

    C.    **Brower Piven and RUF Are Outstanding Firms**

Located in New York City, with an additional office in Baltimore, Maryland, Brower Piven attorneys have extensive experience litigating shareholder actions. *See* Brower Declaration, Exhibit C. As demonstrated by the firm's resume, Brower Piven attorneys have more than twenty years of experience in successfully prosecuting shareholder and securities class action litigation and have consistently been appointed lead and co-lead counsel in complex securities and consumer class actions and shareholder derivative actions in this District and nationwide. In particular, David A.P. Brower, the senior partner handling this case, has extensive experience in shareholder derivative litigation and has litigated numerous derivative actions as lead or co-lead counsel from start to finish. The Court can be comfortable that if Brower Piven is appointed co-lead counsel in this action, its attorneys will vigorously prosecute the Derivative Action.

Additionally, the lawyers of RUF are likewise qualified to lead this litigation, as evidenced by the quality of their work so far in this litigation and the extensive experience in the area of shareholder derivative litigation. RUF has secured outstanding beneficial recoveries for shareholders in complex actions in the past. *See* Brower Decl., Ex. D. Further, judges in the Southern, Eastern and Western Districts of New York have focused on the quality and qualifications of RUF in appointing the firm as lead or co-lead in the following cases: (1) *In re The Bisys Group, Inc. Derivative Litigation*, No. 04-CV-04600, assigned to Judge Laura Taylor Swain, U.S. District Court, Southern District of New York; (2) *In re Forest Laboratories, Inc. Derivative Litigation*, No. 05-CV-3489, assigned to Richard J. Holwell, U.S. District Court, Southern District of New York; (3) *In re Bausch & Lomb Incorporated Derivative Litigation*,

No. 06-CV-6298, assigned to Judge Michael A. Telesca, U.S. District Court, Western District of New York; (4) *In re DHB Industries, Inc. Derivative Litigation*, No. CV-05-4345, assigned to Judge Joanna Seybert, U.S. District Court, Eastern District of New York; and (5) *In re American International Group, Inc. Derivative Litigation*, Master File No. 04-CIV-8406, assigned to Judge John E. Sprizzo, U.S. District Court, Southern District of New York.

Moreover, Brower Piven and RUF have already worked cooperatively in this litigation in researching the facts and developing the allegations for the pleadings, especially the comprehensive SAC. Therefore, Brower Piven and RUF are more than adequate to be appointed as Co-Lead Counsel in Plaintiffs' action and to manage the case and coordinate with counsel appointed as Class Counsel for the PSLRA Class Actions.

### III. CONCLUSION

Based on the foregoing, Plaintiff Cohen, who was first to file a complaint in the Derivative Action and Plaintiff Birn, who together with Cohen filed the SAC have demonstrated that they and their counsel are more than qualified to lead the Derivative Action. As such, Plaintiffs Cohen and Birn respectfully request that this Court approve their Motion for Co-Lead Counsel for the Derivative Action.

DATED: June10, 2008

Respectfully submitted,

BROWER PIVEN
A Professional Corporation

By: /s/ *David A.P. Brower*
DAVID A.P. BROWER
488 Madison Avenue
Eighth Floor
New York, NY 10022
Telephone: (212) 501-9000
Facsimile:  (212) 501-0300

7

*Counsel for plaintiff Samuel T. Cohen and Proposed Co- Lead Counsel*


ROBBINS UMEDA & FINK, LLP
JEFFREY P. FINK
GEORGE C. AGUILAR
SHANE P. SANDERS
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile:  (619) 525-3991

*Counsel for Plaintiff Jerome Birn and Proposed Co-Lead Counsel*

8