UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL T. COHEN and JEROME BIRN, On Behalf of Themselves and All Others Similarly Situated and Derivatively on Behalf of THE BEAR STEARNS COMPANIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> JAMES E. CAYNE, SAMUEL L. MOLINARO, JEFFREY M. FARBER, JEFFREY MAYER, MICHAEL MINIKES, ALAN D. SCHWARTZ, WARREN J. SPECTOR, HENRY BIENEN, CARL D. GLICKMAN, MICHAEL GOLDSTEIN, ALAN C. GREENBERG, DONALD J. HARRINGTON, FRANK T. NICKELL, PAUL A. NOVELLY, FREDERIC V. SALERNO, VINCENT TESE, WESLEY S. WILLIAMS, JR., <br><br> Defendants, <br><br> -and- <br><br> THE BEAR STEARNS COMPANIES, INC., a Delaware corporation, <br><br> Nominal Defendant. | Civil Action No. 07-cv-10453-RWS <br><br><br> **DECLARATION OF DAVID A.P. BROWER IN SUPPORT OF PLAINTIFFS SAMUEL T. COHEN'S AND JEROME BIRN'S MOTION TO APPOINT CO-LEAD COUNSEL IN THE DERIVATIVE ACTION** |

I, DAVID A.P. BROWER, hereby declare as follows:

1.      I am over 18 years of age and am competent to testify to the matters and facts hereinafter set forth.  I am a principal of the law firm of Brower Piven, A Professional Corporation ("Brower Piven").

2.      Attached hereto as Exhibit A is a true and correct copy of the Order in *In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, 1:07-cv-09633-LBS (Oct. 30, 2007) Dkt. No. 37.

3.      Attached hereto as Exhibit B is a true and correct copy of the Pretrial Order No. 1, Initial Case Management Order in *In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation*, MDL No. 1658 (SRC), Master File No. 3:05-CV-1151-SRC-TJB (D. N.J. May 4, 2005), Dkt. No. 60.

4.      Attached hereto as Exhibit C is a true and correct copy of the firm resume of Brower Piven.

5.      Attached hereto as Exhibit D is a true and correct copy of the firm resume of Robbins Umeda & Fink, LLP.


I declare, upon penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief

DATED: June 10, 2008

                                        /s/ *David A.P. Brower*
                                        DAVID A.P. BROWER

# EXHIBIT A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-12-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIFE ENRICHMENT FOUNDATION, individually
and on behalf of all others similarly situated,

Plaintiff,

v.

MERRILL LYNCH & CO., INC., E. STANLEY
O'NEAL, AHMASS L. FAKAHANY, GREGORY
J. FLEMING, and JEFFREY N. EDWARDS,

Defendants.

07cv9633 (LBS)(AJP)(DFE)

**[Additional Captions on Following Page]**

**[PROPOSED] ORDER REGARDING: (1) CONSOLIDATION OF SECURITIES
ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD
COUNSEL; (2) CONSOLIDATION OF DERIVATIVE ACTIONS AND APPOINTMENT
OF PLAINTIFFS' EXECUTIVE COMMITTEE AND LIAISON COUNSEL; (3)
CONSOLIDATION OF ERISA ACTIONS AND APPOINTMENT OF INTERIM CO-
LEAD COUNSEL; AND (4) SCHEDULING OF THE FILING OF CONSOLIDATED
AMENDED COMPLAINTS IN EACH OF THE ACTIONS AND RESPONSES
THERETO**

PATRICIA ARTHUR, Derivatively on Behalf of
MERRILL LYNCH & CO., INC.,

        Plaintiff,

     v.

E. STANLEY O'NEAL, AHMASS L.
FAKAHANY, GREGORY J. FLEMING,
JEFFREY N. EDWARDS, CAROL T. CHRIST,
ARMANDO D. CODINA, VIRGIS W. COLBERT,
ALBERTO CRIBIORE, JOHN D. FINNEGAN,
JUDITH MAYHEW JONAS, JOSEPH W.
PRUEHER, ANN N. REESE, CHARLES O.
ROSSOTTI,

        Defendants(s).

     -and-

MERRILL LYNCH & CO., INC.,

        Nominal Defendant(s).

07cv9696 (LBS)(AJP)(DFE)

---

ELIZABETH ESTEY, Individually and On Behalf of
All Others Similarly Situated,

        Plaintiff,

     v.

MERRILL LYNCH & CO., INC., MERRILL
LYNCH & CO., INC. PLAN "INVESTMENT
COMMITTEE," MERRILL LYNCH & CO., INC.
PLAN ADMINISTRATIVE COMMITTEE,
MERRILL LYNCH & CO., INC. MANAGEMENT
DEVELOPMENT AND COMPENSATION
COMMITTEE, LOUIS DIMARIA, E. STANLEY
O'NEAL, ALBERTO CRIBIORE, ARMANDO M.
CODINA, VIRGIS W. COLBERT, JOHN D.
FINNEGAN, AULANA L. PETERS and JOHN
DOES 1-10,

        Defendants.

07cv10268 (LBS)(AJP)(DFE)

WHEREAS, the following captioned putative securities class actions (the "Securities Actions") are or were pending in this Court against defendant Merrill Lynch & Co., Inc. ("Merrill Lynch"), *et al.*, alleging purported violations of the federal securities laws:

i) *Life Enrichment Foundation v. Merrill Lynch & Co., Inc., et al.*, 07cv9633 (LBS) (the "*Life Enrichment* Action");

ii) *Michael J. Savena v. Merrill Lynch & Co., Inc., et al.*, 07cv9837 (LBS) (the "*Savena* Action")[1];

iii) *Gary Kosseff v. Merrill Lynch & Co., Inc., et al.*, 07cv10984 (LBS) (the "*Kosseff* Action")[2];

iv) *Robert R. Garber v. Merrill Lynch & Co., Inc., et al.*, 07cv11080 (LBS); and

v) *James Conn v. Merrill Lynch & Co., Inc., et al.*, 07cv11626 (LBS); and

WHEREAS, the following captioned shareholder derivative actions (the "Derivative Actions") are pending before this Court against certain current and/or former directors and/or officers of Merrill Lynch purportedly alleging, among other causes of action, breaches of fiduciary duties:

i) *Patricia Arthur v. E. Stanley O'Neal, et al.*, 07cv9696 (LBS);

ii) *Miriam Loveman v. E. Stanley O'Neal, et al.*, 07cv9888 (LBS); and

iii) *Operative Plasterers & Cement Masons Local 262 Pension and Annuity Funds v. E. Stanley O'Neal, et al.*, 07cv11085 (LBS); and

---

[1] On January 9, 2008, plaintiff in the *Savena* Action filed with the Court a Notice of Voluntary Dismissal Without Prejudice (Doc. No. 4), which was so ordered by the Court on February 5, 2008. (Doc. No. 13.)

[2] Plaintiff in the Kosseff Action filed an Amended Class Action Complaint on February 26, 2008 (the "Kosseff Amended Complaint"). The Kosseff Amended Complaint was not filed by the court appointed Lead Plaintiff in the Securities Actions, does not constitute the Consolidated Amended Complaint referred to in paragraph 22 below that is to be filed in the Securities Actions and will be superseded by the Consolidated Amended Complaint scheduled to be filed by Lead Plaintiff in the Securities Actions by April 21, 2008. Accordingly, the Kosseff Amended Complaint will not be the operative pleading and no defendant named in the Kosseff Amended Complaint shall be required to answer, move or otherwise respond to any pleading in that action.

WHEREAS, the following captioned actions (the "ERISA Actions") are pending in this Court against defendant Merrill Lynch, *et al.* purportedly alleging violations of the Employee Retirement Income Security Act ("ERISA"):

i)      *Elizabeth Estey v. Merrill Lynch & Co., Inc., et al.*, 07cv10268 (LBS);

ii)     *Mary Gidaro v. Merrill Lynch & Co., Inc., et al.*, 07cv10273 (LBS);

iii)    *Tara Moore v. Merrill Lynch & Co., Inc., et al.*, 07cv10398 (LBS);

iv)     *Gregory Yashgur v. Merrill Lynch & Co., Inc., et al.*, 07cv10569 (LBS);

v)      *Christine Donlon v. Merrill Lynch & Co., Inc., et al.*, 07cv10661 (LBS);

vi)     *Carl Esposito v. Merrill Lynch & Co., Inc., et al.*, 07cv10687 (LBS);

vii)    *Sean Saughnessey v. Merrill Lynch & Co., Inc., et al.*, 07cv10710 (LBS);

viii)   *Barbara Boland v. Merrill Lynch & Co., Inc., et al.*, 07cv11054 (LBS);

ix)     *Francis Lee Summers, III v. Merrill Lynch & Co., Inc., et al.*, 07cv11615 (LBS);

x)      *James Eastman v. Merrill Lynch & Co., Inc., et al.*, 08cv0058 (LBS); and

xi)     *Dominick J. Pascullo v. Merrill Lynch & Co., Inc., et al.*, 08cv1116 (LBS); and

WHEREAS, on February 21, 2008, the Court held a hearing and, for the reasons set forth on the record at the hearing, the Court determined the motions for consolidation and appointment of lead plaintiff and lead counsel in the Securities Actions; the motions for consolidation and appointment of a plaintiffs' executive committee and liaison counsel in the Derivative Actions; and the motions for consolidation and appointment of interim counsel in the ERISA Actions.

NOW THEREFORE IT IS HEREBY ORDERED THAT:

### SECURITIES ACTIONS

1.      Pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"),15 U.S.C. § 78u-4(a)(3)(B)(ii), the Securities

Actions are consolidated into the docket number 07cv9633 (LBS)(AJP)(DFE) for all purposes including, but not limited to, discovery, pretrial proceedings and trial (the "Securities Action").

2.  Pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), Ohio STRS is appointed Lead Plaintiff in the Securities Action for the proposed class of persons and entities who purchased or otherwise acquired Merrill Lynch securities.

3.  Ohio STRS' choice of co-lead counsel is approved. Accordingly, the law firms of Kaplan Fox & Kilsheimer LLP, Berger & Montague, P.C. and Barrack Rodos & Bacine are appointed co-Lead Counsel for the Securities Action.

## DERIVATIVE ACTIONS

4.  Pursuant to Fed. R. Civ. P. 42(a), the Derivative Actions are consolidated into the docket number 07cv9696 (LBS)(AJP)(DFE) for all purposes including, but not limited to, discovery, pretrial proceedings and trial (the "Derivative Action").

5.  The Court appoints Brower Piven, A Professional Corporation ("Brower Piven"), Johnson Bottini LLP and Saxena White LLP as Plaintiffs' Executive Committee in the Derivative Action, and appoints Brower Piven as Plaintiffs' Liaison Counsel in the Derivative Action.

## ERISA ACTIONS

6.  Pursuant to Fed. R. Civ. P. 42(a), the ERISA Actions are consolidated into the docket number 07cv10268 (LBS)(AJP)(DFE) for all purposes including, but not limited to, discovery, pretrial proceedings and trial (the "ERISA Action").

7.  Pursuant to Fed. R. Civ. P. 23(g)(2)(A) for the ERISA Action, the Court appoints the law firms of Keller Rohrback L.L.P. and Cohen, Milstein, Hausfeld & Toll, P.L.L.C as interim co-lead counsel to act on behalf of the putative class ("Interim Co-Lead Counsel").

- 3 -

## RESPONSIBILITIES AND DUTIES OF COUNSEL

8.      Co-Lead Counsel in the Securities Action, the Plaintiffs' Executive Committee in the Derivative Action and Interim Co-Lead Counsel in the ERISA Action, shall manage the prosecution of the respective actions to which each was appointed.  Co-Lead Counsel in the Securities Action, the Plaintiffs' Executive Committee in the Derivative Action and Interim Co-Lead Counsel in the ERISA Action shall each avoid duplicative or unproductive activities and are hereby vested by the Court with responsibilities and duties that include in each of the respective actions to which they were appointed, without limitation, the following: 1) preparation of all pleadings; 2) direction and coordination of the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; 3) the initiation and direction of discovery; 4) the coordination of all communications with the defendants and the Court on behalf of the proposed class; 5) preparation of the case for trial; 6)  trying of the actions, if required; and 7) the engagement in settlement negotiations.

9.      Co-Lead Counsel in the Securities Action, the Plaintiffs' Executive Committee in the Derivative Action and Interim Co-Lead Counsel in the ERISA Action shall coordinate efforts to avoid duplication including, but not limited, to discovery, if necessary.

10.     Defendants need only formally serve one law firm for each of Co-Lead Counsel in the Securities Action, the Plaintiffs' Executive Committee in the Derivative Action and Interim Co-Lead Counsel in the ERISA Action.

11.     Defendants shall be entitled to rely on any agreements with one law firm for each of Co-Lead Counsel in the Securities Action, the Plaintiffs' Executive Committee in the Derivative Action and Interim Co-Lead Counsel in the ERISA Action to the extent such one law firm represents to Defendants that, for any particular agreement, it has authority to speak for the other Co-Lead Counsel in the Securities Action, members of the Plaintiffs' Executive Committee

- 4 -

in the Derivative Action or other Interim Co-Lead Counsel in the ERISA Action, as the case may

be. Before entering any agreements with either defendants, Co-Lead Counsel in the Securities

Action and/or Interim Co-Lead Counsel in the ERISA Action, any member of Plaintiffs'

Executive Committee in the Derivative Action shall first obtain the consent of a majority of the

members of Plaintiffs' Executive Committee in the Derivative Action. Plaintiffs' Liaison

Counsel in the Derivative Action is to sign all pleadings, motions, agreements and other papers

filed, served and/or entered into by plaintiffs in the Derivative Action.

## MASTER DOCKET AND CAPTION

12.    The docket in 07cv9633 (LBS)(AJP)(DFE) shall constitute the Master Docket for

the Securities Action, Derivative Action and ERISA Action.

13.    Every pleading filed in the Securities Action, Derivative Action and ERISA

Action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MERRILL LYNCH & CO., INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION | Master File No.: 07cv9633 (LBS)(AJP)(DFE) |
| This Document Relates To: | |

14.    The file in docket 07cv9633(LBS)(AJP)(DFE) shall constitute a master file for

the Securities Action, Derivative Action and ERISA Action. When the document being filed

pertains to the Securities Action, Derivative Action and ERISA Action, the phrase "All Actions"

shall appear immediately after the phrase "This Document Relates To:".

15.    When a document applies only to one or more, but not all, of the actions, the

document shall list, immediately after the phrase "This Document Relates To:", Securities

- 5 -

Action, 07cv9633 (LBS)(AJP)(DFE), Derivative Action, 07cv9696 (LBS) (AJP)(DFE) and/or

ERISA Action, 07cv10268 (LBS)(AJP)(DFE), as applicable.

16.    Courtesy copies of all correspondence and filings shall be provided to each of

Judge Sand, Magistrate Judge Peck and Magistrate Judge Eaton.

17.    A copy of this Order shall be placed in all dockets identified in pages 1-2 herein.

The Clerk of this Court is directed to close each of those dockets, other than the dockets in the

Securities Action, 07cv9633 (LBS)(AJP)(DFE), Derivative Action, 07cv9696 (LBS)

(AJP)(DFE) and ERISA Action, 07cv10268 (LBS)(AJP)(DFE).

18.    This Court requests the assistance of counsel in calling to the attention of the

Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of

the Securities Action, 07cv9633 (LBS)(AJP)(DFE), Derivative Action, 07cv9696 (LBS)

(AJP)(DFE) and/or ERISA Action, 07cv10268 (LBS)(AJP)(DFE).

19.    When a case that arises out of the same subject matter of the Securities Action,

the Derivative Action or the ERISA Action is hereinafter filed in this Court or transferred from

another Court, the Clerk of this Court shall:

(a)    File a copy of this Order in the separate file for such action;

(b)    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-

filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)    Make the appropriate entry in the Master Docket.

20.    Each new case that arises out of the subject matter of either the Securities Action,

the Derivative Action or the ERISA Action which is filed in, or transferred to, this Court, shall

be consolidated with the Securities Action, the Derivative Action or the ERISA Action, as

appropriate, and this Order shall apply thereto, unless a party objects to consolidation, as

provided for herein, or any provision of this Order, within ten (10) days after the date upon

- 6 -

which a copy of this Order is served on counsel for such party, by filing an application for relief

and this Court deems it appropriate to grant such application.

21.     The defendants do not have to answer, move, or otherwise respond to any

complaints filed in any of actions consolidated hereunder or any action subsequently filed and

consolidated. Nothing in the foregoing shall be construed as a waiver of the defendants' right to

object to consolidation of any subsequently-filed or transferred related action.

### SCHEDULING FOR THE FILING OF SEPARATE CONSOLIDATED AMENDED COMPLAINTS AND RESPONSES IN THE SECURITIES ACTION, DERIVATIVE ACTION AND ERISA ACTION

22.     Lead Plaintiff in the Securities Action, Plaintiffs' Executive Committee in the

Derivative Action and Interim Co-Lead Counsel in the ERISA Action shall each file a separate

Consolidated Amended Complaint no later than April 21, 2008. The Consolidated Amended

Complaint in each of the Securities Action, 07cv9633 (LBS)(AJP)(DFE), Derivative Action,

07cv9696 (LBS) (AJP)(DFE), and ERISA Action, 07cv10268 (LBS)(AJP)(DFE) shall be the

only operative complaints.

23.     Defendants in each of the Securities Action, 07cv9633 (LBS)(AJP)(DFE),

Derivative Action, 07cv9696 (LBS) (AJP)(DFE) and/or ERISA Action, 07cv10268

(LBS)(AJP)(DFE), shall have to and including June 20, 2008 to answer, move or otherwise

respond to each of the Consolidated Amended Complaints.

24.     In the event that defendants file motions to dismiss the Consolidated Amended

Complaint in one or more of the Securities Action, 07cv9633 (LBS)(AJP)(DFE), Derivative

Action, 07cv9696 (LBS) (AJP)(DFE) and/or ERISA Action, 07cv10268 (LBS)(AJP)(DFE),

Lead Plaintiff in the Securities Action, Plaintiffs' Executive Committee in the Derivative Action

and Interim Co-Lead Counsel in the ERISA Action, as applicable, shall serve any opposition to

such motions no later than July 21, 2008.

- 7 -

25.    Defendants shall serve any reply papers in further support of any such motions to dismiss no later than August 19, 2008.

SO ORDERED.

DATED:  New York, New York
        March 12, 2008

_____
        USDJ

- 8 -

# EXHIBIT B

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC., SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 3:05-CV-01151-SRC-TJB |

### PRETRIAL ORDER NO. 1
### (Initial Case Management Order)

1.      This Order shall govern practice and procedure for all actions in *In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation*, MDL No. 1658 ("MDL 1658"), as listed on Schedule A, and shall also apply automatically to any action subsequently filed in, removed, or transferred to this Court relating to the subject matter of the actions in MDL 1658.

2.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, all actions identified as "Securities Actions" on Schedule A, as well as any related securities action subsequently identified, filed in, removed, or transferred to this Court (collectively, the "Consolidated Securities Action") are hereby consolidated for all purposes.

3.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, all actions identified as "Derivative Actions" on Schedule A, as well as any related shareholder derivative action subsequently identified, filed in, removed, or transferred to this Court (collectively, the "Consolidated Derivative Action") are hereby consolidated for all purposes.

4.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, all actions identified as "ERISA Actions" on Schedule A, as well as any related ERISA action subsequently identified, filed in, removed, or transferred to this Court (collectively, the "Consolidated ERISA Action") are hereby consolidated for all purposes.

5.    Every pleading, motion, or other paper in MDL 1658 shall bear the following

caption (the "Primary Caption"):

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE MERCK & CO., INC., SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| THIS DOCUMENT RELATES TO: | Case No. 3:05-CV-01151-SRC-TJB |

6.    When a pleading, motion, or any other paper relates to all actions that have been

coordinated and/or consolidated for pre-trial proceedings in the above-entitled litigation, the

words: "THIS DOCUMENT RELATES TO:  ALL ACTIONS" shall appear in the Primary Caption, as

well as "Case No. 3:05-CV-01151-SRC-TJB", which shall serve as the master docket number for

MDL 1658.

7.    When a pleading, motion or any other paper relates to more than one of the

Consolidated Actions that pleading, motion, or paper shall be filed solely under the master

docket number for MDL 1658, "Case No. 3:05-CV-01151-SRC-TJB", and not under the

corresponding sub-docket number for the respective Consolidated Action, which shall be

assigned by the Clerk. *See* ¶¶ 10, 18, 26.

8.    When a pleading, motion or any other paper relates solely to any individual

action(s) that have been coordinated and/or consolidated for pre-trial proceedings in the above-

entitled matter, the case title and civil action number of the individual action(s) shall appear in a

caption appearing directly below the Primary Caption.

2

## I.    SECURITIES ACTIONS

9.    All undecided motions filed prior to March 21, 2005 in any of the individual actions which comprise the Consolidated Securities Action are deemed to have been withdrawn without prejudice to their refiling later.

10.    When a pleading, motion, or any other paper relates solely to the Consolidated Securities Action, the words: "THIS DOCUMENT RELATES TO: THE CONSOLIDATED SECURITIES ACTION", shall appear in the Primary Caption, as well as a sub-docket number for the Consolidated Securities Action, which shall be assigned by the Clerk, and shall be filed solely under that sub-docket number.

11.    Unless otherwise agreed to by Plaintiffs' Co-Lead Counsel for the Consolidated Securities Action and Defendants' Counsel, or ordered by the Court:

a)    Plaintiffs shall serve a Consolidated and Fourth Amended Class Action Complaint (the "Consolidated Securities Complaint") not later than June 9, 2005. The Consolidated Securities Complaint will supersede any complaints previously filed in any case comprising the Consolidated Securities Action.

b)    Defendants in the Consolidated Securities Action shall have no obligation to answer, move or otherwise respond to any other complaint filed prior to the Consolidated Securities Complaint.

c)    Defendants in the Consolidated Securities Action shall answer, move or otherwise respond to the Consolidated Securities Complaint not later than August 12, 2005.

d)    Plaintiffs in the Consolidated Securities Action shall serve their opposition(s) to any motion(s) to dismiss the Consolidated Securities Complaint not later than October 20, 2005.

e)    Defendants in the Consolidated Securities Action shall serve any reply memorandum in further support of any motion(s) to dismiss not later than December 12, 2005.

3

      f)    Plaintiffs in the Consolidated Securities Action shall serve their motion for class certification no later than thirty (30) days following service of the Answer by Defendants in the Consolidated Securities Action. The parties in the Consolidated Securities Action shall then confer and agree upon a reasonable schedule for addressing the class certification issues.

12.    By separate order, the Court confirmed the appointment of Milberg Weiss Bershad & Schulman LLP and Stull, Stull & Brody as Co-Lead Counsel for Plaintiffs in the Consolidated Securities Action, who shall be solely responsible for conducting the litigation on behalf of Plaintiffs in the Consolidated Securities Action. Co-Lead Counsel for Plaintiffs in the Consolidated Securities Action, shall, among other things:

      a)    determine and present (in pleadings, briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs in the Consolidated Securities Action on all matters arising during the pre-trial proceedings;

      b)    prepare and submit all pleadings, motions, briefs, and other Court submissions on behalf of Plaintiffs in the Consolidated Securities Action;

      c)    appear in Court on behalf of Plaintiffs in the Consolidated Securities Action;

      d)    respond to motions and arguments by Defendants or third parties in the Consolidated Securities Action;

      e)    initiate and conduct discovery on behalf of Plaintiffs in the Consolidated Securities Action and respond to discovery served on Plaintiffs in the Consolidated Securities Action;

      f)    consult and employ consultants and experts;

      g)    plan, coordinate, and conduct all pre-trial, trial and post-trial activities on behalf of Plaintiffs in the Consolidated Securities Action;

      h)    conduct settlement negotiations on behalf of Plaintiffs in the Consolidated Securities Action;

      i)    delegate specific tasks to other counsel, as may be appropriate, and monitor and coordinate the activities of other counsel;

4

j)    enter into agreements and stipulations with opposing counsel as necessary for the conduct of the Consolidated Securities Action; and

k)    perform such other duties as may be incidental to the foregoing, or necessary for the prosecution of the Consolidated Securities Action.

13.    With respect to the Consolidated Securities Action, no pleading, motion, application, submission, or request for discovery, or response thereto shall be served or filed, or other pretrial proceeding initiated, on behalf of any Plaintiff in the Consolidated Securities Action, except pursuant to the express direction of Co-Lead Counsel in the Consolidated Securities Action.

14.    Unless otherwise ordered, extensions of time consented to by Co-Lead Counsel and Defendants' Counsel in the Consolidated Securities Action do not require the approval of the Court. Such counsel shall promptly notify the Court by letter of any such extension.

15.    No order entered solely in the Consolidated Securities Action shall be binding on the Consolidated Derivative Action or the Consolidated ERISA Action.

16.    With respect to the Consolidated Securities Action, service on Plaintiffs' Co-Lead Counsel and Liaison Counsel for the Consolidated Securities Action and Defendants' Counsel constitutes service on all attorneys representing parties in the Consolidated Securities Action. Because documents filed with the Court via the Electronic Filing System are also served by the Electronic Filing System, pursuant to New Jersey Local Rule 5.2, no additional service on any party will be required for documents filed with Court, unless otherwise agreed by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated Securities Action. For all other documents, unless otherwise agreed by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated Securities Action, service shall be by email in PDF format, with conforming

5

copies sent as soon as practicable by overnight mail or courier. Voluminous documents may be served by hand or by overnight mail or courier.

## II.    DERIVATIVE ACTIONS

17.    All undecided motions filed prior to March 21, 2005 in any of the individual actions which comprise the Consolidated Derivative Action are deemed to have been withdrawn without prejudice to their refiling later.

18.    When a pleading, motion, or any other paper relates solely to the Consolidated Derivative Action, the words: "THIS DOCUMENT RELATES TO: THE CONSOLIDATED DERIVATIVE ACTION", shall appear in the Primary Caption, as well as a sub-docket number for the Consolidated Derivative Action, which shall be assigned by the Clerk, and shall be filed solely under that sub-docket number.

19.    Unless otherwise agreed to by Plaintiffs' Co-Lead Counsel in the Consolidated Derivative Action and Defendants' Counsel, or ordered by the Court:

a)    Plaintiffs in the Consolidated Derivative Action shall serve a consolidated complaint ("the Consolidated Derivative Complaint") not later than June 20, 2005. The Consolidated Derivative Complaint will supersede any complaints previously filed in any case comprising the Consolidated Derivative Action.

b)    Defendants in the Consolidated Derivative Action shall have no obligation to answer, move or otherwise respond to any other complaint filed prior to the Consolidated Derivative Complaint.

c)    Defendants in the Consolidated Derivative Action shall answer, move or otherwise respond to the Consolidated Derivative Complaint not later than August 19, 2005.

d)    Plaintiffs in the Consolidated Derivative Action shall serve their opposition(s) to any motion(s) to dismiss the Consolidated Derivative Complaint not later than October 20, 2005.

6

    e)     Defendants in the Consolidated Derivative Action shall serve any reply memorandum in further support of any motion(s) to dismiss not later than December 2, 2005.

20.    By separate order, the Court has appointed or will appoint Robbins Umeda & Fink, LLP, Whatley Drake, LLC and Lerach Coughlin Stoia Geller Rudman & Robbins LLP as Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action, who shall be solely responsible for conducting the litigation on behalf of Plaintiffs in the Consolidated Derivative Action.  Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action, shall have the duties and responsibilities set forth in the order entered, or to be entered, appointing Co-Lead Counsel for Derivative Plaintiffs.

21.    With respect to the Consolidated Derivative Action, no pleading, motion, application, submission, or request for discovery, or response thereto shall be served or filed, or other pretrial proceeding initiated, on behalf of any Plaintiff in the Consolidated Derivative Action, except pursuant to the express direction of Co-Lead Counsel in the Consolidated Derivative Action.

22.    Unless otherwise ordered, extensions of time consented to by Co-Lead Counsel and Defendants' Counsel in the Consolidated Derivative Action do not require the approval of the Court.  Such counsel shall promptly notify the Court by letter of any such extension.

23.    No order entered solely in the Consolidated Derivative Action shall be binding on the  Consolidated Securities Action or the Consolidated ERISA Action.

24.    With respect to the Consolidated Derivative Action, service on Plaintiffs' Co-Lead Counsel and Liaison Counsel for the Consolidated Derivative Action and Defendants' Counsel constitutes service on all attorneys representing parties in the Consolidated Derivative Action.  Because documents filed with the Court via the Electronic Filing System are also served

7

by the Electronic Filing System, pursuant to New Jersey Local Rule 5.2, no additional service on any party will be required for documents filed with Court, unless otherwise agreed by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated Derivative Action.  For all other documents, unless otherwise agreed by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated Derivative Action, service shall be by email in PDF format, with conforming copies sent as soon as practicable by overnight mail or courier.  Voluminous documents may be served by hand or by overnight mail or courier.

## III.    ERISA ACTIONS

25.    All undecided motions filed prior to March 21, 2005 in any of the individual actions which comprise the Consolidated ERISA Action are deemed to have been withdrawn without prejudice to their refiling later.

26.    When a pleading, motion, or any other paper relates solely to the Consolidated ERISA Action, the words: "THIS DOCUMENT RELATES TO:  THE CONSOLIDATED ERISA ACTION", shall appear in the Primary Caption, as well as a sub-docket number for the Consolidated ERISA Action, which shall be assigned by the Clerk, and shall be filed solely under that sub-docket number.

27.    The Court appoints Plaintiffs Robert Cimato, Cynthia Campbell, Robert Mortensen and Blossom Smith as Lead Plaintiffs for the Consolidated ERISA Action.

28.    The Lead Counsel Committee for the Consolidated ERISA Action, identified below, may identify different or additional Lead Plaintiffs at such time as they move for class certification in this litigation.

8

29.    The Court designates the following to act as members of a Lead Counsel

Committee for the Plaintiffs in the Consolidated ERISA Action, with the responsibilities

hereinafter described:

> Robert Izard (member and chair)
> Schatz & Nobel P.C.
> One Corporate Center, 17th Floor
> 20 Church Street
> Hartford, CT  06103

> Lynn Lincoln Sarko (member)
> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101-3052

> Marc I. Machiz (member)
> Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
> 1 S. Broad Street, Suite 1850
> Philadelphia, PA  19107

> Joseph H. Meltzer (member)
> Schiffrin & Barroway, LLP
> 280 King of Prussia Road
> Radnor, Pennsylvania 19087

30.    The Lead Counsel Committee for the Consolidated ERISA Action shall have the

authority over the following matters on behalf of all Plaintiffs in the Consolidated ERISA Action

in consultation with Lead Plaintiffs for the Consolidated ERISA Action:

a)    directing, coordinating, and supervising the prosecution of Plaintiffs'
claims in the Consolidated ERISA Action;

b)    presiding over the Discovery Committee for the Consolidated ERISA
Action and having the responsibility for the orderly and efficient
functioning of the Discovery Committee;

c)    assigning work to Plaintiffs' counsel on the Discovery Committee for the
Consolidated ERISA Action or otherwise as noted in (d) below;

d)    appointing working committees of Plaintiffs' Counsel for the Consolidated
ERISA Action who will (1) assist in the conduct of the litigation, and (2)

consult with the Lead Counsel Committee for the Consolidated ERISA
Action on all litigation matters and the performance of such work
assignments as are delegated to them by the Lead Counsel Committee;

e)    retaining experts;

f)    communicating with the court;

g)    communicating with defense counsel;

h)    conducting settlement negotiations;

i)    collecting and reviewing time and expense records from all plaintiffs'
counsel;

j)    maintaining communication and promoting efficient and harmonious
dealings among all plaintiffs' counsel; and

k)    coordinating activities to avoid duplication and inefficiency in the filing,
serving and/or implementation of pleadings, other court papers, discovery
papers, and discovery practice, and, generally, in the litigation.

31.    The Court designates the following to act as members of a Discovery Committee

for the Plaintiffs in the Consolidated ERISA Action, with the responsibilities hereinafter

described:

Joseph J. DePalma (member and chair)
Lite Depalma Greenberg, & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

Lockridge Grindal Nauen PLLP. (member)
100 Washington Ave South
Minneapolis, MN 55401

Johnson & Perkinson (member)
1690 Williston Road
South Burlington, Vermont
05403

Scott & Scott LLC (member)
P.O. Box 192
108 Norwich Avenue

10

Colchester, CT 06415

32.     The Discovery Committee for the Consolidated ERISA Action shall operate under the direction of the Lead Counsel Committee for the Consolidated ERISA Action in the prosecution of the Consolidated ERISA Action as directed by the Lead Counsel Committee.

33.     The Court designates the following to act as Liaison Counsel for the Plaintiffs in the Consolidated ERISA Action, with the responsibilities hereinafter described:

> Lisa J. Rodriguez
> Trujillo Rodriguez & Richards, LLC
> 8 Kings Highway West
> Haddonfield, NJ 08033

34.     Plaintiffs' Liaison Counsel for the Consolidated ERISA Action shall act at the direction of the Lead Counsel Committee for the Consolidated ERISA Action. Plaintiffs' Liaison Counsel shall assist the Lead Counsel Committee in facilitating coordination and communications among counsel for the parties and with the Court and otherwise assist in the coordination of discovery, presentations at pretrial conferences and other pretrial activities.

35.     Unless otherwise agreed to by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated ERISA Action, or ordered by the Court:

    a)     Plaintiffs in the Consolidated ERISA Action shall serve a consolidated complaint ("the Consolidated ERISA Complaint") not later than July 15, 2005. The Consolidated ERISA Complaint will supersede any complaints previously filed in any case comprising the Consolidated ERISA Action.

    b)     Defendants in the Consolidated ERISA Action shall have no obligation to answer, move or otherwise respond to any other complaint filed prior to the Consolidated ERISA Complaint.

    c)     Defendants in the Consolidated ERISA Action shall answer, move or otherwise respond to the Consolidated ERISA Action Complaint not later than September 15, 2005.

d)   Plaintiffs in the Consolidated ERISA Action shall serve their opposition(s) to any motion(s) to dismiss the Consolidated ERISA Complaint not later than November 14, 2005.

e)   Defendants in the Consolidated ERISA Action shall serve any reply memorandum in further support of any motion(s) to dismiss not later than December 22, 2005.

f)   Plaintiffs in the Consolidated ERISA Action shall serve their motion for class certification no later than thirty (30) days following service of the Answer by Defendants in the Consolidated ERISA Action. The parties in the Consolidated ERISA Action shall then confer and agree upon a reasonable schedule for addressing the class certification issues.

36.   With respect to the Consolidated ERISA Action, no pleading, motion, application, submission, or request for discovery, or response thereto shall be served or filed, or other pretrial proceeding initiated, on behalf of any Plaintiff in the Consolidated ERISA Action, except pursuant to the express direction of the applicable Co-Lead Counsel in the Consolidated ERISA Action.

37.   Unless otherwise ordered, extensions of time consented to by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated ERISA Action do not require the approval of the Court. Such counsel shall promptly notify the Court by letter of any such extension.

38.   No order entered solely in the Consolidated ERISA Action shall be binding on the Consolidated Securities Action or the Consolidated Derivative Action.

39.   With respect to the Consolidated ERISA Action, service on Plaintiffs' Co-Lead Counsel and Liaison Counsel for the Consolidated ERISA Action and Defendants' Counsel constitutes service on all attorneys representing parties in the Consolidated ERISA Action. Because documents filed with the Court via the Electronic Filing System are also served by the Electronic Filing System, pursuant to New Jersey Local Rule 5.2, no additional service on any party will be required for documents filed with Court, unless otherwise agreed by Plaintiffs' Co-

Lead Counsel and Defendants' Counsel in the Consolidated ERISA Action. For all other documents, unless otherwise agreed by Plaintiffs' Co-Lead Counsel and Defendants' Counsel in the Consolidated ERISA Action, service shall be by email in PDF format, with conforming copies sent as soon as practicable by overnight mail or courier. Voluminous documents may be served by hand or by overnight mail or courier.

## IV.  **ALL ACTIONS**

40.  All documents submitted to the Court must be electronically filed through this Court's Electronic Filing System. All counsel responsible for filing documents with this Court, or who wish to receive notice of filings, must register for the Electronic Filing System. All such counsel in any of the actions already before this Court must so register by May 5, 2005. Counsel for any action subsequently filed in, removed, or transferred to the Court must register for the Electronic Filing System within fourteen (14) days from the date of such filing, removal, or transfer.

41.  The Court appoints Brickfield & Donahue as Notification Counsel for all actions in MDL 1658 during the interim period preceding the deadlines for registration for the Electronic Filing System. Notification Counsel is responsible for notifying all Plaintiffs' Lead Counsel about communications or rulings from the Court. The appointment of Notification Counsel shall terminate when all Lead Counsel (as defined above) are registered for the Electronic Filing System.

13

DATED:  May 4 , 2005

AGREED TO BY:

MILBERG WEISS BERSHAD &
SCHULMAN LLP

By:

Melvyn I. Weiss
David A.P. Brower
Richard H. Weiss
Bruce D. Bernstein
One Pennsylvania Plaza
New York, NY  10119-0165
(212) 594-5300

STULL, STULL & BRODY

By:

Jules Brody
Mark Levine
Bradley Dyer
6 East 45th Street, 5th Floor
New York, NY 10017
(212) 687-7230

*Co-Lead Counsel for Plaintiffs in the
Consolidated Securities Action*

14

DATED: May 4, 2005

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP

By: _____

William S. Lerach
Travis E. Downs III
Amber L. Eck
Mary K. Blasy
Brian O. O'Mara
401 B Street, Suite 1600
San Diego, CA 92101
(619) 231-1058

WHATLEY DRAKE, LLC
Joe R. Watley, Jr.
Peter H. Burke
2323 Second Avenue North
Birmingham, AL 35203
(205) 328-9576

ROBBINS UMEDA & FINK, LLP
Jeffrey P. Fink
Caroline Schnurer
Steve Wedeking
610 West Ash Street, Suite 1800
San Diego, CA 92101
(619) 525-3990

*Co-Lead Counsel for Plaintiffs in the
Consolidated Derivative Action*

15

DATED:  May 5, 2005

SCHATZ & NOBEL, P.C.

By:_____
Robert A. Izard
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103
(860) 493-6292

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
(206) 623-1900

COHEN, MILSTEIN, HAUSFELD &
TOLL, P.L.L.C.
Marc I. Machiz
1 S. Broad Street, Suite 1850
Philadelphia, PA  19107
(215) 825-4000

SCHIFFRIN & BARROWAY, LLP
Joseph H. Meltzer
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

*Co-Lead Counsel for Plaintiffs in the
Consolidated ERISA Action*

16

DATED:  May 5, 2005

CRAVATH, SWAINE & MOORE LLP

By: _____
Robert D. Joffe
Evan R. Chesler
Robert H. Baron
David Greenwald
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

HUGHES HUBBARD & REED LLP
William R. Stein
Roberta Koss
1775 I Street, N.W.
Washington, DC 20006-2401
(202) 721-4600

HUGHES HUBBARD & REED LLP
A New York Limited Liability Partnership
Wilfred P. Coronato
William W. Silcott
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302-3908
(201) 536-9220

*Counsel for Defendant Merck & Co., Inc. and
the Individual Defendants*

SO ORDERED:

DATED: _____, 2005

_____
Hon. Stanley R. Chesler
United States District Judge

17

## Schedule A

*In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*
(MDL 1658) No. 05-1151

| No. | Case | District | Case No. | Judge |
|---|---|---|---|---|
| *Securities Cases* | | | | |
| 1 | Pringle v. Merck & Co., Inc. | D.N.J. | 05-1152 | Chesler |
| 2 | Ravnitsky v. Merck & Co., Inc. | D.N.J. | 05-1153 | Chesler |
| 3 | Reiner v. Merck & Co., Inc. | D.N.J. | 05-1154 | Chesler |
| 4 | Stark v. Merck & Co., Inc. | D.N.J. | 05-1155 | Chesler |
| 5 | Farbaniec v. Merck & Co., Inc. | D.N.J. | 04-5885 | Chesler |
| 6 | Hevesi v. Merck & Co., Inc. | D.N.J. | 04-5866 | Chesler |
| 7 | Devine v. Merck & Co., Inc. | D.N.J. | 05-0630 | Chesler |
| 8 | Raphael v. Merck & Co., Inc. | D.N.J. | 05-1811 | Chesler |
| 9 | Park East Inc. v. Merck & Co., Inc. | D.N.J. | 05-1812 | Chesler |
| 10 | Arnoff v. Merck & Co., Inc. | D.N.J. | 05-1813 | Chesler |
| 11 | Berlien v. Merck & Co., Inc. | D.N.J. | 05-1814 | Chesler |
| 12 | Fisher v. Merck & Co., Inc. | D.N.J. | 05-1815 | Chesler |
| 13 | Burns v. Merck & Co., Inc. | D.N.J. | 05-1816 | Chesler |
| 14 | Kalas v. Merck & Co., Inc. | D.N.J. | 05-2043 | Chesler |
| 15 | Hein v. Merck & Co., Inc. | D.N.J. | 05-1818 | Chesler |
| 16 | Deckowitz v. Merck & Co., Inc. | N.D. Ill. | 05-1911 | Aspen* |
| *Derivative Cases* | | | | |
| 1 | Staehr v. Gilmartin | D.N.J. | 05-1156 | Chesler |
| 2 | Halpert Enterprises, Inc. v. Gilmartin | D.N.J. | 05-1157 | Chesler |
| 3 | Kaufman v. Gilmartin | D.N.J. | 04-5566 | Chesler |
| 4 | Hawaii Laborers Pension Plan v. Gilmartin | D.N.J. | 05-0346 | Chesler |

* Transfer order requested.

| No. | Case | District | Case No. | Judge |
|---|---|---|---|---|
| **ERISA Cases** | | | | |
| 1 | Mullen v. Merck & Co., Inc. | D.N.J. | 05-1158 | Chesler |
| 2 | Burtoft v. Merck & Co., Inc. | D.N.J. | 05-1159 | Chesler |
| 3 | Mortensen v. Merck & Co., Inc. | D.N.J. | 04-4951 | Chesler |
| 4 | Cimato v. Merck & Co., Inc. | D.N.J. | 04-4987 | Chesler |
| 5 | Horne v. Merck & Co., Inc. | D.N.J. | 04-5156 | Chesler |
| 6 | Nelson v. Merck & Co., Inc. | D.N.J. | 04-5260 | Chesler |
| 7 | Ugwuneri v. Merck & Co., Inc. | D.N.J. | 04-5397 | Chesler |
| 8 | Zonay v. Merck & Co., Inc. | D.N.J. | 04-5435 | Chesler |
| 9 | Campbell v. Merck & Co., Inc. | D.N.J. | 04-5900 | Chesler |
| 10 | Smith v. Merck & Co., Inc. | D.N.J. | 05-0962 | Chesler |
| 11 | Patterson v. Merck & Co., Inc. | D.N.J. | 05-1810 | Chesler |
| 12 | Nalett v. Merck & Co., Inc. | D.N.J. | 05-1817 | Chesler |

# EXHIBIT C

# BROWER PIVEN
## A PROFESSIONAL CORPORATION

With offices in New York City and Baltimore, Maryland, Brower Piven focuses it practice in the areas of complex class action and other representative litigation. The firm's practice areas, while diverse, enable Brower Piven clients to call upon experience and resources available at few firms of its size. Brower Piven clients range from institutional and large private investors, to small and large businesses, to small individual investors and retail consumers. Regardless of the size of the matter, Brower Piven provides every client with the professional service, care, and quality that Brower Piven believes every client deserves.

Attorneys at Brower Piven, some with over 25 years of experience, are nationally recognized in the class action arena. The firm's attorneys have vast experience advising and representing plaintiffs in class actions under the federal securities laws; federal and state consumer protection laws; federal and state antitrust laws; state shareholder and corporate governance laws; federal and state environmental laws; and federal RICO laws. Brower Piven attorneys have served their clients in literally hundreds of actions in virtually every state and federal court in the nation.

Some current matters in which Brower Piven has a leadership role demonstrate the scope of the firm's expertise. Brower Piven is co-lead counsel in the *In re Merck Securities, Derivative, and "ERISA" Litigation* pending in the Untied States District Court for the District of New Jersey, considered by many the largest federal securities fraud action in terms of damages in history, and co-lead and liaison counsel in the shareholder litigations challenging the proposed $38 billion take-over of Equity Office Properties Trust, one of the largest going private transaction in business history. Brower Piven is also co-lead counsel in the following federal securities class actions: *Wagner v. Barrick Gold Corporation et al.* (S.D.N.Y); *In re Interlink Electronics, Inc. Securities Litigation* (C.D. Cal.); *In re FoxHollow Technologies, Inc. Securities Litigation* (N.D. Cal); *Levie v. Sears Roebuck & Co. et al.* (N.D. Ill.); and *In re Arotech Corp. Securities Litigation* (E.D.N.Y.). Brower Piven is or was co-lead and/or liaison counsel representing shareholders in the following merger-related class actions: *Blaz v. Pan Pacific Retail Properties, Inc. et al.* (Cir. Ct., Balt. Co.); *In re Reckson Associates Realty Corp. Shareholders Litigation* (N.Y. Sup. Ct., Nassau Co.); *In re Fairchild Corp. Shareholders Litigation* (Del. Ch.); *In re Laureate Education Shareholder Litigation* (Cir. Ct. Balto. City); *In re PHH Corporation Transaction Litigation* (Cir. Ct., Balto. Co.); *In re Huntsman Corporation Shareholder Litigation* (Del. Ch.). Brower Piven is also counsel in the consumer class action, *H&R Block, Inc. "Express IRA" Marketing Litigation,* MDL No. 1786 (W.D. Mo.).

The breadth of Brower Piven's experience, which includes extensive experience counseling and representing defendants, corporations and their executives, real estate developers and large private investors in complex commercial litigation, class and non-class action litigation, and on corporate governance matters. The firm's experience on both sides of the bar makes it uniquely qualified to provide its clients with a perspective not available from firms that solely represent plaintiffs or defendants. The success of the strategy pursued by Brower Piven's attorneys in representing their clients over the years has been demonstrated by clients and classes represented by attorneys at Brower Piven recovering over $1 billion in past and pending recoveries. The

following is a sampling of the cases and results achieved by attorneys at Brower Piven where they have served as lead or co-lead counsel for plaintiffs:

*Steiner v. Southmark Corporation*, No. 3-89-1387-D (N.D. Tex.), federal securities fraud class action against defunct real estate partnership marketer and its outside accountants resulting in a recovery of over $75 million in cash for investors.

*In re Petro-Lewis Securities Litigation*, No. 84-C-326 (D. Colo.), a federal securities fraud class action on behalf of limited partners and shareholders where plaintiffs recovered over $100 million in cash and benefits including the restructuring of dozens of oil and gas limited partnerships.

*In re StarLink Products Liability Litigation,* MDL No. 1403, No. 01 C 4928 (N.D. Ill.), representing all American corn farmers in nationwide litigation against manufacturer of unapproved pesticide which alleged infected the U.S. corn supply and recovering over $125 million in cash for the class member.

*Romig v. Jefferson-Pilot Life Insurance Company*, 95 CVS 9703 (Supr. Ct. N.C.), deceptive insurance sales practices action brought on behalf of a class of Jefferson Pilot life insurance purchasers, resulting in a recovery for policyholders valued at over $55 million.

*In re MicroStrategy Securities Litigation*, No. 00-473-A (E.D. Va.), a federal securities fraud class, where over $125 million was recovered for investors, the Court commented that: "Clearly, the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition that they enjoy."

*In re Arakis Energy Corporation Securities Litigation*, No. 95-CV-3431 (ARR) (E.D.N.Y.), federal securities class action against Canadian company resulting in a recovery of over $24 million for investors.

*In re Spectrum Information Technologies Securities Litigation,* CV-93-2295 (FB) (E.D.N.Y.), securities fraud action against bankrupt issuer where over $10 million in cash was recovered (including all insurance coverage available) for investors following successful trial and appeal against directors' and officers' insurance carrier who attempted to disclaim coverage.

*In re Bristol-Myers Squibb Securities Litigation*, 92-CIV-4007 (JES) (S.D.N.Y.), federal securities class action resulting in recovery of over $19 million in cash for investors.

*Steiner v. Ideal Basic Industries, Inc.*, No. 86-M-456 (D. Colo.), federal securities class action against the former *Fortune 500* cement manufacturer resulting in an over $17.5 million recovery in cash for investors.

*In re Broadwing Securities Litigation*, No. C-1-02-795 (S.D. Ohio), federal securities class action against major public utility/broadband company resulting in a recovery of over $35 million in cash for investors.

*Berger v. Compaq Computer Corporation*, No. 00-20875 (S.D. Tex.), a federal securities class action where, after a successful appeal of a question of first impression in the federal appellate courts relating to the selection of lead plaintiffs and class certification in the Fifth Circuit under the Private Securities Law Reform Act of 1995, over $29 million was recovered for investors.

*In re Bausch & Lomb Securities Litigation*, No. 01-CV-6190 (CJS) (W.D.N.Y.), federal securities class action resulting in a recovery of over $ 12.5 million for investors.

*Slone v. Fifth Third Bancorp et al.,* No.1-:03-CV-211 (S.D. Ohio), securities fraud action against one of the largest mid-west bank holding companies, resulting in a recovery of $17 million for investors.

*Poziak v. Imperial Chemical Industries, PLC, et al.,* No. 1:03 cv 2457(NRB)(S.D.N.Y.), securities fraud action against one of the United Kingdom's largest public corporations, resulting in a recovery of approximately 90% of recoverable damages in cash for investors.

*J.E. Pierce Apothecary, Inc. v. Harvard-Pilgrim Health Care, Inc., et al,* No. 98-12635-WGY (D. Mass.), unfair and deceptive trade practices action on behalf of independent Massachusetts pharmacies against Harvard Pilgrim HMO and CVS Pharmacies, Inc. resulting, after bench trial, in excess of 100% of estimated recoverable damages for the class, including trebling.

The foregoing sampling of results is the product of the depth and breadth of the professional experience of attorneys at Brower Piven.  The firm's attorneys include:

### DAVID A.P. BROWER

Mr. Brower has over 25 years of complex litigation experience.  Mr. Brower has successfully represented plaintiffs in class action securities, consumer protection, environmental, antitrust and RICO actions, and representative shareholder derivative and take-over litigation.  Mr. Brower, a member of the Bar of the State of New York, is also admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eleventh Circuits, and innumerable federal and state trial courts.  Mr. Brower has participated in the prosecution as lead or co-lead counsel in successful federal securities law class actions against, among others: Imperial Chemical Industries, Fifth Third Bancorp, Southmark Corp., Ideal Basic Industries, Bristol-Myers Squibb, Tower Semiconductor, Gibson Greetings, Arakis Energy Corp., Scoreboard, Coastal Healthcare, Everest & Jennings International, B.T. Office Products, Profit Recovery, Enstar Corp., Jenifer Convertibles, Warner Communications, Sambo's Restaurants, Sunrise Savings & Loan,  Phillip Morris Companies, Bausch & Lomb, Nanophase Technologies,  Ramada Inns, Michael Stores, Inc., Consumers Power Co., Broadwing/Cincinnati Bell, Compaq Computer Corp., and Computer Associates. Mr. Brower has also participated in the prosecution as lead or co-lead counsel in merger litigation on behalf of, among others, public shareholders of  Sheller Globe Corp., Petro-Lewis Corp., Floating Point Systems, Holnam Corp., Wometco Enterprises, Inc., Great Bay Casinos Corp., Home Shopping Networks, MCA, Holly Sugar Co., and ARM Financial Group; and shareholder derivative actions on behalf of shareholders of Banner Industries, Marsh & McLennan Companies, and Merrill Lynch, Pierce, Fenner & Smith.

Since 2004, Mr. Brower has been one of the lead attorneys with day-to-day responsibility for the prosecution of the securities fraud claims in *In re Merck & Co, Securities, Derivative & ERISA Litigation*, MDL No. 1658, No. 2:05-CV-02367 (D. N.J.), an action where the damages to class member are estimated to be among the largest in the history of federal securities class litigation. Additionally, while at his former firm, Mr. Brower was one of the attorneys with primary responsibility for class certification issues, including successfully arguing the class certification motion before the trial court, in *In re Initial Public Offering Securities Litigation*, 21 MC 92 (S.D.N.Y.), among the largest securities litigations ever prosecuted, encompassing approximately 309 consolidated class action cases alleging market manipulation claims in connection with the initial public offering of securities by over 55 defendant underwriters. Mr. Brower also served as liaison counsel in *In re Sotheby's Holding, Inc. Securities Litigation*, No. 00 Civ. 1041 (S.D.N.Y.), which resulted in a recovery of over $75 million for Sotheby's investors.

Mr. Brower has also served as lead or co-lead counsel in consumer fraud actions against Aventis CropScience, Compaq Computer Corporation, Jefferson-Pilot Life Insurance Company, Sprint PCS Wireless, Metropolitan Life Insurance, Harvard Pilgrim Healthcare, and CVS Corporation. In the antitrust field, Mr. Brower acted as lead counsel in litigation against Monsanto Company, E. I. du Pont de Nemours and Company and Pioneer Hybrid International, Inc. (No. 4:05-CV-01108-ERW (E.D. Mo.)), on behalf of genetically modified seed purchasers, and has participated in the *In re Initial Public Offering Antitrust Litigation*, No. 01 CIV 2014 (WHP) (S.D.N.Y.),.

In the area of environmental law, Mr. Brower has served as one of the lead attorneys in pollution actions on behalf of Oklahoma landowners against chicken producers, including Tyson Foods, Inc.; and counsel for Missouri landowners in pork producer nuisance actions against Contigroup Companies, Inc. (formerly Continental Grain) and Premium Standard Farms, which recently resulted in verdicts in favor of neighboring farmers.

Before joining Brower Piven, Mr. Brower also has represented a nationwide class of hospitals in RICO litigation against Tenet Healthcare Corporation based on claims that its conduct caused class member hospitals to receive reduced "Outlier" reimbursements from Medicare.

Mr. Brower has also represented: directors and officers of public companies in securities class actions, including the directors of Heritage Hospitals; represented a former multi-state hospital developer; advised boards of directors of public companies regarding their fiduciary responsibilities; provided opinions as special counsel under Delaware law to public companies, including MGM/UA; represented insurance and reinsurance companies in coverage litigation, including matters involving Johns Manville, PepsiCo and Hilton Hotels; represented commodities dealers and brokers in connection with Commodities Futures Trading Commission reparations actions; represented foreign corporations in United States litigation, including one of Japan's largest electronics, international hotel and resort companies in litigation against its American counsel and financial advisors; represented a Brazilian trust holding claims for one of Brazil's largest telecommunications companies; and defended a large, Florida-based, national mortgage brokerage company, Foundation Funding, in class action litigation brought under the Truth In Lending Act.

Mr. Brower, is a graduate of Columbia College of Columbia University (A.B. 1979), and the Georgetown University Law Center (J.D. 1982), and he attended King's College, University of London (1980), where he studied comparative, international, and EC transactional law.  Mr. Brower regularly lectures before professional organizations and at CLE-accredited conferences on the class action procedures and securities laws and shareholder and investor rights, including the American Law Institute/American Bar Association Advanced Course of Study Program, the Practicing Law Institute, and the New York State Bar Association.  Mr. Brower regularly writes on class action procedures and new issues in class action jurisprudence.  Mr. Brower is a long-time member of the New York State Bar Association Subcommittee on Class Actions, has participated as a member of the Executive Committee of the National Association of Securities and Consumer Law Attorneys, and actively participated in legislative initiatives relating to the Private Securities Litigation Reform Act of 1995 and the Class Action Fairness Act of 2005.

## CHARLES J. PIVEN

Mr. Piven is a seasoned litigator who has led his own practice since 1990.  During his 29 years in practice, Mr. Piven has represented individuals, partnerships, trusts, pension plans and corporations in many types of cases.  Mr. Piven's experience includes litigation in the areas of complex securities, shareholder, consumer protection, personal injury and property damage class actions, merger and acquisition class actions, bankruptcy, first amendment, copyright, employment, wrongful death, and legal, medical, accounting and broker malpractice.

Class and representative actions in which Mr. Piven has served as lead, co-lead, liaison or local counsel include, among others, Baltimore Bancorp securities litigation, USFG securities litigation, Yorkridge Calvert Savings & Loan securities litigation, Maryland National Bank securities litigation, Reckson Associates Realty Company derivative litigation, Read-Rite Corporation securities litigation, Mid-Atlantic Realty shareholder merger litigation, Pan Pacific Realty shareholder merger litigation, Allied Irish Banks derivative litigation, Sprint Spectrum Cellular Telecommunications Company consumer litigation, IWIF Wiretap consumer litigation, Land Rover Group Ltd. consumer litigation, Cellular One consumer litigation, H&R Block Refund Anticipation Loan consumer litigation, Prison Telephone consumer litigation, and BlueCross/Blue Shield consumer litigation.

In recent years, Mr. Piven has taken an active role in the prosecution of litigation relating to allegations that mutual fund investors have been victimized by directed brokerage arrangements, excessive fees, excessive commissions and deceptive sales practices or other actionable conduct.  Some of the mutual fund families and brokerage firms involved in these cases that Mr. Piven has been responsible for originating include: Lord Abbott, AIM/Invesco, BlackRock, Davis, Eaton Vance, Dreyfus, Evergreen, Federated, Alliance, Franklin, Hartford, MFS, PIMCO, Scudder, Columbia, Goldman Sachs, Merrill Lynch, Morgan Stanley, Salomon Smith Barney, Edward Jones, UBS, Wells Fargo and American Express.  Investors in mutual fund cases initiated or led by Mr. Piven's clients have achieved a proposed settlement with mutual fund marketer Edward Jones for over $125,000,000 and approved settlements with American Express for approximately $100,000,000 and with Merrill Lynch for approximately $39,000,000.

Mr. Piven also directly represents the lead plaintiff(s) and/or proposed class representative(s) in approximately 25% of the 309 cases encompassed by the Initial Public Offering Securities Litigation pending in the Southern District of New York, and Mr. Piven and the firm have taken an active role in the discovery in this litigation.

Mr. Piven also has experience in the field of ERISA class actions on behalf of former and current company employees. ERISA cases in which Mr. Piven is or has been counsel for named plaintiffs include: Aquila ERISA litigation (W.D. Mo.); General Motors ERISA litigation (E.D. Mich.); ConAgra Foods ERISA litigation (D. Neb.); the Coca-Cola Enterprises ERISA litigation (N.D. Ga.); Fannie Mae ERISA litigation (D. D.C.); Delphi ERISA litigation (E.D. Mich.); Ford Motor Company ERISA litigation (E.D. Mich.) and the Pfizer ERISA litigation (S.D.N.Y.).

Mr. Piven is a 1975 graduate of Washington University and a 1978 graduate of the University of Miami School Of Law. During law school, Mr. Piven was a student law clerk for the late Honorable United States District Judge C. Clyde Adkins of the Southern District of Florida. Mr. Piven was admitted to the bars of the States of Florida (currently inactive) and Maryland in 1978. Mr. Piven is a member in good standing of the Court of Appeals of Maryland, the United States Court of Federal Claims, the United States Tax Court, the United States District Court for the Districts of Maryland and Colorado, and the United States Courts of Appeals for the First and Fourth Circuits.

## RICHARD KELLY

Mr. Kelly, who is Of Counsel to the firm, has over twenty years of litigation and arbitration experience and has successfully represented parties in cases involving securities fraud; employment, sex and age discrimination; and general commercial, contract and tort law. Mr. Kelly, a member of the Bar of the State of New York, is admitted to practice in the United States Supreme Court, the United States Courts of Appeals for the Second, Third and District of Columbia Circuits, and the United States District Courts for the Southern and Eastern Districts of New York.

Mr. Kelly is a graduate of Columbia College of Columbia University (A.B.) and Brooklyn Law School (J.D.), where he was the Notes Editor of the Brooklyn Law Review and a member of the Moot Court Honor Society. He also attended Reid Hall, Paris, France.

Prior to joining Brower Piven, Mr. Kelly served as an in-house counsel at Merrill Lynch & Co. (conducted 45 securities arbitrations and 65 employment mediations); Merrill Lynch Canada Inc. (Acting Litigation Director); Oppenheimer & Co. Inc./CIBC Oppenheimer Corp.; Kidder, Peabody & Co. Incorporated; and was an associate at Baer Marks & Upham.

He is the author of *Antitrust: The Second Circuit Sees Double In Construing Tying Arrangements*, 49 Brooklyn Law Review 713 (1983) and co-author of "Absolute Immunity for Statements to SROs," NYLJ (8/19/91), 1, col. 1. In 1988, he was named Finalist, Trial Lawyer of the Year Award, Trial Lawyers for Public Justice regarding *Barrett v. United States*, 660 F. Supp. 1291 (S.D.N.Y. 1987).

YELENA TREPETIN

Yelena Trepetin is a graduate of Tulane University Law School. While at Tulane, Ms. Trepetin was the Senior Managing Editor of the Tulane Journal of International and Comparative Law. She also served as a student attorney for the Domestic Violence Clinic. In the fall of 2005, Ms. Trepetin attended Duke University School of Law where she was a visiting Staff Editor of the Duke Journal of Comparative and International Law. Ms. Trepetin graduated magna cum laude from Brandeis University. Ms. Trepetin also studied for a year at the London School of Economics and Political Science. Ms. Trepetin's legal work experience includes clerking at the Maryland Office of the Public Defender for Baltimore County and interning for the Honorable J. Norris Byrnes and the Honorable Lawrence R. Daniels in the Circuit Courts of Baltimore County. Ms. Trepetin is admitted to practice in the State of Maryland, and she is a member of the Baltimore County Bar Association and the Bar Association of the District of Columbia.

**BROWER PIVEN**
A PROFESSIONAL CORPORATION

| | |
|---|---|
| THE WORLD TRADE CENTER-BALTIMORE | 488 MADISON AVENUE |
| 401 EAST PRATT STREET, SUITE 2525 | EIGHTH FLOOR |
| BALTIMORE, MARYLAND 21202 | NEW YORK, NEW YORK 10022 |
| | |
| TELEPHONE:  (410) 332-0030 | TELEPHONE:  (212) 501-9000 |
| FACSIMILE:    (410) 685-1300 | FACSIMILE:    (212) 501-0300 |

# EXHIBIT D

# ROBBINS UMEDA & FINK, LLP

## ATTORNEYS AT LAW

610 West Ash Street, Suite 1800
San Diego, California 92101
Telephone: 619/525-3990
Facsimile: 619/525-3991
Email: info@ruflaw.com

# FIRM RESUME

### ROBBINS UMEDA & FINK, LLP

Robbins Umeda & Fink, LLP (the "Firm") specializes in the nationwide prosecution of class and representative actions. The Firm is dedicated to vindicating the rights of shareholders, employees, consumers, and small businesses by passionately litigating these actions in state and federal courts throughout the United States. The Firm focuses on the prosecution of securities fraud actions, shareholder derivative actions, corporate merger actions, and ERISA/401K class actions brought in connection with publicly traded companies against their officers, directors, auditors, and investment banking firms. In addition, the Firm also litigates several consumer fraud and antitrust class actions. By doing so, the Firm has successfully negotiated several noteworthy settlements for its clients.

For example, in a recent securities class action in San Diego, *In re Titan, Inc. Sec. Litig.*, Master File No. 04-CV-0676-LAB (NLS) (S.D. Cal.), the Firm, serving in a Co-Lead Counsel capacity, was able to secure a $61.5 million settlement on behalf of the Class. This amounted to half of the estimated damages to the class and far exceeded the normal settlement gained in this type of case. It was also one of the largest securities fraud class action settlements in San Diego's history.

1

The Firm's lawyers also negotiated a settlement in *In re Nicor, Inc. S'holder Derivative Litig.*, Case No. 02 CH 15499, a shareholder derivative action in the Circuit Court of Cook County, Illinois, which resulted in personnel changes among Nicor's executive officers and board members, as well as securing $33 million for Nicor. In recognition of the hard work and significant benefits conferred during the litigation, the Honorable Sophia H. Hall, presiding Judge for the court, stated "Thank you very much for the good work that you all did. And I think that your stockholders will appreciate it, too. Thank you very much." Recently, the Firm secured a settlement of *In re OM Group, Inc. Derivative Litig.*, Case No. 1:03CV0020 (N.D. Ohio). As part of this resolution, the company received a $29 million benefit, the termination of OM Group's long term CEO, the addition of two shareholder nominated directors, and numerous other highly beneficial corporate governance matters.

The Firm's reputation for excellence has been recognized on repeated occasions by various courts throughout the country by appointing the Firm to leadership positions in complex class and derivative actions. The Firm currently serves as lead counsel in several high profile complex actions around the country. *See In re American International Group, Inc. Derivative Litig.*, Case No. 04 Civ. 08406 (S.D.N.Y.); *In re Forest Labs., Inc. Derivative Litig.*, Case No. 05-CV-3489 (S.D.N.Y.); *Pringle v. Merck & Co., Inc., et al.*, Case No. 03-3125 (D.N.J.); *In re Tenet Healthcare Corporation Derivative Litig.,* Case No. 01098905 (Santa Barbara Super. Ct.); *In re DHB Industries, Inc. Derivative Litig.*, Case No. CV-05-4345 (E.D.N.Y.).

## MEMBERS

### BRIAN J. ROBBINS

Brian J. Robbins, the Managing Partner and Co-Founder of the Firm, has been an active litigator of shareholder, employee, consumer, and small business rights for several years. In addition

to prosecuting actions for which he has principal responsibility, Mr. Robbins oversees and coordinates the work of the Firm's nearly 50 employees and all its litigation departments. As a litigator, Mr. Robbins has negotiated several noteworthy settlements of complex actions and successfully argued several noteworthy legal issues.

For example, Mr. Robbins was the lead negotiator for the derivative plaintiffs in *Harbor Finance Partners v. McGhan, et al.*, No. H-02-0761 (S.D. Tex.), litigation filed on behalf of Hanover Compressor Company. The "groundbreaking" and "unprecedented" Hanover settlement resulted in, among other things, a $26.5 million payment to the company, the return of 2.5 million shares to the company, the appointment of two shareholder nominated directors and the agreement to rotate the company's auditing firm. *See This Settlement Raises the Governance Bar; Hanover Compressor's Landmark Agreement with Shareholders to Embrace Major Corporate Reforms Could Have Profound Repercussions*, Stephanie Anderson Forest, BusinessWeek Online, May 15, 2003. Additionally, Mr. Robbins, as sole lead counsel, recently settled *In re OM Group, Inc. Derivative Litig.*, Case No. 1:03CV0020 (N.D. Ohio). As part of this resolution, Mr. Robbins helped secure $29 million for OM Group, the termination of OM Group's long term CEO, the addition of two shareholder nominated directors, and numerous other highly beneficial corporate governance matters. Mr. Robbins negotiated another groundbreaking settlement to resolve *In re Dynegy, Inc. Derivative Litig.*, Lead Case No. 2002-25250 (Harris County, TX, 164th Judicial District). This settlement acknowledged the role of the litigation in implementing extensive corporate governance reforms including: replacement of 11 members of the Board of Directors and several key officers, adoption of extensive measures specifically designed to increase the independence of the Board of Directors and its various committees, and the establishment of new committees and senior positions to

specifically enhance ethics and compliance efforts, as well as the integrity of the Company's financial

reports, and assisted the company in securing a $150 million benefit, and implemented several

critical and necessary corporate governance practices.  Mr. Robbins also served in a Co-Lead

Counsel capacity in *Larret v. Robertson, et al.*, Lead Case No. GIC754696 (S.D. Super. Ct.), a

shareholder derivative action brought on behalf of MP3.com, Inc. ("MP3") which resulted in MP3's

adoption of extensive corporate governance measures designed to specifically increase the

independence of the board of directors and its committees and the transparency of any trading by

insiders.  In another shareholder derivative action settled through Mr. Robbins' efforts and the efforts

of the Firm, the Honorable Robert S. Lasnik stated:

> "Well, I did review the papers here and I think you've actually set the bar kind of high
> for future settlements.  This looks like an excellent result for the various class
> members in both the derivative action and the other action.... And it's to the credit of
> the lawyers that they were able to achieve this result before a lot of discovery and a
> lot of expenses were undertaken.... And so, I would be quite delighted and satisfied
> to make the necessary findings that this is an excellent settlement for plaintiffs."

*In re Cutter & Buck Sec. Litig.*, No. C02-1948L, Hearing on Settlement Transcript at 6-7 (W.D.

Wash. Dec. 2, 2003).

Mr. Robbins has also negotiated several very highly beneficial settlements of securities fraud

class action lawsuits.  In a recent securities fraud class action in San Diego, *In re Titan, Inc. Sec.

Litig.*, Master File No. 04-CV-0676-LAB (NLS) (S.D. Cal.), Mr. Robbins, along with his Firm,

serving in a Co-Lead Counsel capacity, were able to secure a $61.5 million settlement on behalf of

the Class.  This amounted to half of the estimated damages to the class and far exceeded the normal

settlement gained in this type of case.  It was also one of the largest securities fraud class action

settlements in San Diego's history.  Mr. Robbins, as the lead attorney for his prior firm in *Garza, et*

4

*al. v. J.D. Edwards & Co.*, et al., Case No. 99-1744 (D. Col.), also helped secure over a $15 million recovery for a class of purchasers of J.D. Edwards & Co. stock.

Likewise, Mr. Robbins has also helped settle numerous other complex class action lawsuits. For example, Mr. Robbins played a pivotal role in *Supnick v. Amazon.com, Inc., et al.*, Case No. C-00-0221-P (W.D. Wash.), litigation which resulted in a $3.8 million cash recovery for the class and critical injunctive relief protecting the privacy of class members and other users of the Internet.

Mr. Robbins has also been at the forefront of litigation on several novel legal topics. For example, as Co-Lead Counsel in a class action brought on behalf of Internet users who had allegedly had their privacy violated because of the design of certain web pages, Mr. Robbins successfully briefed an opposition to a motion to dismiss brought by defendant Website operator Intuit, Inc. ("Intuit"). The issue, whether Intuit violated sections of the Electronic Communications Privacy Act through the manipulation of cookies placed on its visitors' computers, was a novel and untested application of the law. The court denied the defendant's motion to dismiss plaintiffs' cause of action based upon a violation of 18 U.S.C. §2701, *et seq.*, which prohibits unauthorized access to facilities where electronic communication services are provided. *See In re Intuit Privacy Litig.*, 138 F. Supp. 2d 1272 (C.D. Cal. 2001). This success eventually secured a settlement that resulted in numerous privacy protections provided to the class and future users of the quicken.com Website.

In *In re Toys R Us, Inc. Privacy Litig.*, Mr. Robbins successfully opposed a motion to dismiss claims brought under the Electronic Communications Privacy Act by Toys R Us, Inc. and Coremetrics, Inc. in an action alleging surreptitious monitoring of the activities of the users of the toysrus.com website. Despite the highly technical nature of these types of claims, Mr. Robbins was able to help defeat a motion to dismiss a 18 U.S.C. §2520 claim against Coremetrics and a 18 U.S.C.

§1030 claim against Toys R Us and Coremetrics. *See In re Toys R Us, Inc. Privacy Litig.*, No. 00-CV-2746, 2001 WL 34517252 (N.D. Cal. Oct. 9, 2001). The upholding of these claims against website providers was believed to be the first of their kind. This success lead to a settlement that provided significantly enhanced privacy protections to future users of the toysrus.com Website.

Mr. Robbins has also successfully briefed two issues of first impression as to whether removal of a shareholder derivative action to federal court based upon federal question grounds was proper. In a shareholder derivative action brought on behalf of JDS Uniphase Corporation ("JDS"), the defendants removed the case claiming that a shareholder derivative action based on similar factual allegations as a securities fraud class action brought against JDS and certain of its officers was not an "exclusively derivative" action under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") and thus SLUSA authorized removal of the action. Mr. Robbins, however, successfully argued that the similarity of the factual allegations could not alter the derivative nature of the action and the case was therefore not removable under SLUSA and should be remanded. *See Coykendall v. Kaplan*, 2002 U.S. Dist. LEXIS 22483 (N.D. Cal. Aug. 1, 2002). As Co-Lead Counsel in a shareholder derivative action brought on behalf of L90, Inc. ("L90"), Mr. Robbins, on another issue of first impression, was also successful in arguing that the removal provisions of SLUSA were not applicable to a shareholder derivative action because that action also included a class action claim seeking to protect the voting rights of L90's shareholders on equitable grounds. *See Shen v. Bohan*, 2002 U.S. Dist. LEXIS 22485 (C.D. Cal. Oct. 16, 2002). Mr. Robbins has also successfully briefed to the Supreme Court of Texas that a trial court's determination of whether a plaintiff has adequately alleged that a demand to initiate suit upon a company's board of directors would have been a futile and useless act is not an issue justifying interlocutory review. *See In re Dynegy, Inc.*,

6

No. 03-0768, Order (Sup. Ct. Tex. Sept. 8, 2003).

Currently, Mr. Robbins is also acting as lead counsel or as an executive committee member in several other complex litigation matters.  Mr. Robbins is also commonly acknowledged as a prominent and respected litigator in his field as evidenced by a recent invitation by the Washington State Bar Association to be a panelist for "After the Storm: Securities and Corporate Litigation in the Post-Sarbanes World" at its 26th Annual Northwest Securities Institute and lectured at the International Class Actions Conference in January of 2007 on the topic of Discovery and eDiscovery Issues.  Mr. Robbins was also named one of San Diego's Super Lawyers of 2006.

Mr. Robbins graduated in only two and one-half years from the University of California at Berkeley with a Bachelor of Arts degree in Sociology in 1993.  Mr. Robbins then received his law degree from the Vanderbilt School of Law in 1997.  While at Vanderbilt, Mr. Robbins received the top score in constitutional law, corporate law, corporate and securities transactions, and soviet law and was a research assistant for two very well respected corporate and securities law professors: (1) Professor Donald C. Langevoort, the Lee S. and Charles A. Speir Professor at Vanderbilt University School of Law, former Special Counsel for the U.S. Securities and Exchange Commission in the Office of the General Counsel, co-author, with Professors James Cox and Robert Hillman, of Securities Regulation: Cases and Materials, the author of Insider Trading: Regulation, Enforcement and Prevention, and author of many law review articles, a number of which seek to incorporate insights from social psychology and behavioral economics into the study of corporate and securities law and legal ethics. Professor Langevoort also has testified numerous times before Congressional committees on issues relating to insider trading and securities litigation reform; and (2) Professor Larry D. Soderquist, one of the best known and most respected corporate and securities law

professors in America, who has authored numerous books and articles on these subjects, including Understanding the Securities Laws, the most widely distributed book of its kind. Professor Soderquist also was the Director of Vanderbilt's Corporate and Securities Law Institute. After graduating from Vanderbilt Law School, Mr. Robbins received his LL.M. in Securities and Financial Regulation from the Georgetown University Law Center in 1998. Mr. Robbins is licensed to practice in the State of California, the State of Connecticut, and the United States District Courts for the Central, Northern and Southern Districts of California, the District of Colorado and the United States Court of Appeals for the Fifth Circuit.

### MARC M. UMEDA

Mr. Umeda is Co-Founder and a Principal of the Firm. Mr. Umeda earned his Bachelor of Arts Degree in Political Science from the University of California at Berkeley in 1994 and his law degree from the University of San Diego School of Law in 1998, where he received the top score in Criminal Law and Property Law. Mr. Umeda was also a member of the *San Diego Law Review* and a Dean's Scholarship and Richardson Scholarship recipient. Mr. Umeda is licensed to practice law in the State of California, the United States District Courts for the Northern, Central and Southern Districts of California, the District of Colorado and the United States Court of Appeals for the Second, Third, Fourth and Seventh Circuits.

Mr. Umeda has practiced complex litigation throughout his legal career and devotes all of his time to the area of complex shareholder litigation, including securities fraud and shareholder class and derivative actions nationwide. Mr. Umeda is the lead attorney responsible for the day-to-day management of many complex shareholder derivative actions. In this capacity, Mr. Umeda has successfully written and argued numerous discovery and dispositive motions. Mr. Umeda has also

negotiated the settlements of numerous class and shareholder derivative actions. For example, Mr. Umeda was one of the lead counsel in the *In re Nicor, Inc. Shareholder Derivative Litigation*, Case No. 02 CH 15499, a shareholder derivative action in the Circuit Court of Cook County, Illinois. His efforts were a meaningful factor in the personnel changes among the company's executive officers and Board members, as well as the securing of $33 million for the company. In recognition of the hard work and significant benefits conferred during the litigation, the Honorable Sophia H. Hall, Presiding Judge for the court, stated "Thank you very much for the good work that you all did. And I think that your stockholders will appreciate it, too. Thank you very much." Mr. Umeda was also described as "an excellent lawyer" who is "trying to do the best possible job he can for [his client]" by the Honorable Mark R. Forcum of the Superior Court of California, County of San Mateo.

Mr. Umeda, on behalf of the Firm, was also appointed co-lead counsel by the court in *Imler, et al. v. AES Corporation, et al.*, No. 1:03-CV-00194-LJM-WTL (S.D. Ind.), to head the securities fraud class action litigation against AES Corporation and certain of its officers, wherein he assisted in the recovery of $5 million for the class of stock purchasers. Mr. Umeda has also secured extensive corporate governance reforms in numerous shareholder derivative actions throughout the nation.

**JEFFREY P. FINK**

Mr. Fink is Co-Founder and a Principal of the Firm. Mr. Fink received his Bachelor of Science degree in Finance from the University of Rhode Island in 1986. Thereafter, Mr. Fink served Cowen and Company and its institutional, options and arbitrage departments as a Floor Clerk on the American Stock Exchange. Mr. Fink then earned his Master of Science in Hotel Administration from the University of Nevada Las Vegas in 1995 where he was awarded the Outstanding Graduate

9

Research Award for his paper "The Impact on Clark County Gaming Revenues from the Proliferation of Gaming Throughout the Country." While earning his degree, Mr. Fink worked for Mirage Resorts in Las Vegas, Nevada conducting casino analysis. In 1998, Mr. Fink received his law degree from the University of San Diego School of Law. Mr. Fink is licensed to practice in the State of California, the United States District Courts for the Northern, Central and Southern Districts of California, the Eastern District of Wisconsin, and the United States Court of Appeals for the Ninth Circuit.

Mr. Fink has extensive experience in litigating complex insurance class action cases, securities arbitration cases, consumer fraud cases, invasion of privacy and wiretapping cases, shareholder derivative cases, ERISA class actions and securities fraud cases. Mr. Fink's expertise has been recognized on numerous occasions by courts who have appointed him to leadership positions charged with prosecuting complex litigations on behalf of plaintiffs.

Jeffrey P. Fink has broad experience in corporate, securities and shareholder derivative litigation. Most recently, Mr. Fink, in one of the most politically controversial corporate mergers in recent history, recently secured over $500 million to Unocal Corporation shareholders as part of an increased bid by Chevron Corporation in *Leib, et al. v. Unocal Corp., et al.*, Case No. BC331316 (Cal. Super. Ct.). Additionally, Mr. Fink was instrumental in causing Unocal to issue a supplemental proxy statement that allowed Unocal shareholders to have a fully informed vote when considering Chevron Corporation's bid versus that of the Chinese National Offshore Oil Corporation.

Mr. Fink was appointed Co-Lead Counsel and assumed the role as lead litigator in *In re Titan, Inc. Sec. Litig.*, Master File No. 04-CV-0676-LAB (NLS) (SD Cal.). Through Mr. Fink's efforts the class received $61.5 million, which amounted to half of the calculated damages, for

Titan's violations of the Foreign Corrupt Practices Act which caused Lockhead Martin to back out of its multibillion dollar offer for Titan.

**FELIPE J. ARROYO**

Mr. Arroyo is a Principal of the Firm. He received his Bachelor of Arts degree in Economics from the University of California at Los Angeles in 1989 and his law degree from the Yale Law School in 1992. While at Yale, he served as a Senior Editor of the *Yale Law Journal* and a Director of the Yale Moot Court of Appeals. After law school, Mr. Arroyo spent 2 years with New York-based Weil Gotshal & Manges, over 10 years with Los Angeles-based O'Melveny & Myers LLP and 2 years as corporate General Counsel for a fitness company. Mr. Arroyo is licensed to practice law in California and the United States District Court for the Central District of California. In addition to litigating complex shareholder derivative, securities fraud and corporate breach of fiduciary duty actions, Mr. Arroyo is committed to training and developing core litigation and trial skills for attorneys at the Firm.

Mr. Arroyo's entire legal career has been dedicated to complex litigation. He has prosecuted and defended numerous complex commercial, patent, securities fraud and breach of fiduciary duty actions. In leading many of these actions, Mr. Arroyo has conducted approximately 100 lay witness and expert depositions and argued numerous discovery, evidentiary and dispositive motions.

Mr. Arroyo has had broad exposure to an array of complex commercial litigation subjects arising in many different industries. In recent years, he led an investigation on behalf of a publicly traded entertainment company into alleged improprieties raised by a stock exchange concerning trading in its securities. He also managed and supervised a complex litigation defense team of 20 lawyers in contract litigation brought by hotel owners against a global, multi-billion dollar hotel

11

management company.  In that multi-year case, Mr. Arroyo honed his electronic document management expertise as he negotiated and supervised the production of millions of pages of documents. He also has approximately 5 years securities litigation experience in separate cases in which he defended a computer microprocessor manufacturer, biotechnology company, and accounting firm.  Mr. Arroyo has also led an international patent infringement litigation team in a successful effort to obtain approximately $25 million in value for the inventor of a fitness device.

Mr. Arroyo is also an experienced trial lawyer.  From 2001 through 2006, he directed a unique public/private partnership called the Trial Advocacy Prosecution Program (T.A.P.P.) in which attorneys from O'Melveny & Myers prosecuted approximately 10 to 20 criminal jury trials to verdict per year.  In this time as the director of T.A.P.P., Mr. Arroyo was lead trial lawyer for 7 jury trials that went to verdict, and prosecuted innumerable motions *in limine* and suppression motions. In the last 18 months alone, Mr. Arroyo spent approximately 7 weeks in trial.  As the director of T.A.P.P., Mr. Arroyo was also responsible for training and supervising other O'Melveny & Myers trial lawyers.  In such capacity, he supervised and trained over 100 lawyers in core trial mechanics, including developing and delivering opening statements, conducting direct and cross examinations, working with exhibits and demonstratives in paper and electronic form, resolving evidentiary issues and giving persuasive closing arguments.

### GEORGE C. AGUILAR

Mr. Aguilar is a Principal of the Firm.  Before joining the Firm, Mr. Aguilar investigated, prosecuted and tried just about every type of offense prosecuted by the United States Attorney's Office in San Diego during his seventeen year tenure as a federal prosecutor.  He began his career with the United States Attorney's Office in the Trial Section, taking immigration and drug-related

offenses to trial, and then moved on to pursue grand jury investigations, indictments and trials in the areas of fraud, violent crime, firearms, civil rights and large-scale narcotics conspiracies in the Office's General Crimes Section. He later served four years as Chief of the Terrorism, Violent Crimes and General Prosecutions Section and also led a team of trial lawyers as a deputy chief for the General Crimes Section. In the area of complex fraud, Mr. Aguilar served four years as a trial lawyer on the Financial Institution Fraud Task Force and another four years in the Major Frauds Section. There, he led grand jury investigations, indicted and tried complex white collar criminal cases, including corporate, securities, bank, investor, tax, foreign currency and bankruptcy fraud, bank bribery and money laundering. His trial work in these sections achieved important convictions in *United States v. Heffner*, one of the largest bank bribery offenses ever committed, *United States v. McCray*, a massive fraudulent foreign currency operation resulting in the imprisonment of the operation's leader for nearly eighteen years, and *United States v. Scharnhorst* and *United States v. Simon*, damaging foreclosure relief scams.

Mr. Aguilar tried more than forty felony criminal trials to verdict, authored thirty five Ninth Circuit Court of Appeals briefs and argued more than a dozen cases on appeal before the Ninth Circuit. Mr. Aguilar's tenure included six years as one of the Office's supervising ethics officers. He was a member of the Office's hiring and death penalty committees. For his work, Mr. Aguilar received several awards of recognition from the United States Department of Justice and federal agencies, including receiving the prestigious Executive Office for U.S. Attorneys Director's Award.

Mr. Aguilar is also well-known in the local legal community, having served as vice-chair and chair of the Federal Courts Committee of the State Bar of California. He was appointed chair of the City of San Diego's Citizens Equal Opportunity Commission by two Mayors of the City of San

Diego. He served as president for both San Diego La Raza Lawyers and California La Raza Lawyers, and has been a long-time member and chair of San Diego La Raza Lawyers' Judicial Endorsements Committee. He was selected by the Southern District of California's federal judges to serve on the district's magistrate selection committee in its recent appointment of the federal magistrate for Imperial County. Mr. Aguilar received the San Diego Mediation Center's Peacemaker Award for his community service work and was an honoree of the Hispanic Heritage's 100 Portraits presentation.

Mr. Aguilar received his Bachelor of Arts degree in Political Science and Journalism from the University of Southern California in 1983 and his law degree from Boalt Hall School of Law, University of California, Berkeley in 1986. While at Boalt, Mr. Aguilar served on the Moot Court Board and was managing editor of the La Raza Law Journal. After law school, he spent three years as an associate at Morrison & Foerster LLP in its San Francisco office working on complex securities litigation. He left Morrison & Foerster LLP to join the United States Attorney's Office in San Diego in January 1990. Mr. Aguilar joined the Firm in 2007 and now focuses his practice primarily in the litigation of complex actions, including securities fraud class actions and shareholder derivative actions. He is licensed to practice in the State of California and in the Northern and Southern Districts of California, as well as the Ninth Circuit Court of Appeals.

**S. BENJAMIN ROZWOOD**

Mr. Rozwood is a Principal of the Firm. Mr. Rozwood received his J.D. from Harvard Law School in 1994, where he served as President of the International Law Society and was awarded the Reginald Lewis International Fellowship. Prior to law school, Mr. Rozwood graduated *magna cum laude*, Phi Beta Kappa, and as a Regents Scholar from UCLA in 1991.

Prior to joining the Firm, Mr. Rozwood spent six years in the securities and insurance litigation practice groups of O'Melveny & Myers LLP, one of the top firms in California and internationally. Mr. Rozwood also previously served as a corporate finance associate handling public and private, debt and equity offerings, combination transactions, tender offers, and related SEC filings. Mr. Rozwood has broad experience in corporate and securities litigation matters involving inadequate business and financial data reporting, GAAP noncompliance, insider trading, and illegal product pricing and sales practices in various industries including finance, energy, entertainment, communications, insurance, and the Internet. Some of Mr. Rozwood's complex litigation experience includes:

- Defeating a suit by bondholder plaintiffs to enjoin a $12.9 billion debt exchange offer;

- Serving as counsel to the Audit Committee of a board of directors of a publicly traded company investigating certain accounting entries when the company's outside auditor expressed concerns before a scheduled earnings announcement. As part of this process, Mr. Rozwood interviewed current and former company employees including the CEO, CFO, and Controller, analyzed relevant books and records, reviewed company policies and procedures, and prepared conclusions and recommendations for presentation to the Audit Committee;

- Working on several securities fraud class actions, taking the lead role in researching and writing motions to dismiss, including the review of analyst reports, news releases, and SEC filings, and analysis of pleading requirements and "forward-looking" statement safe harbor issues. Mr. Rozwood also has significant experience interviewing witnesses in such cases, before and after the commencement of formal discovery;

- Successfully defending several executives of a de-listed public company in a suit brought by sophisticated foreign investors alleging fraud and breach of contract in a "death spiral" PIPE transaction. Mr. Rozwood was responsible for mapping out and executing the discovery plan, taking and defending depositions, presenting arguments at the mediation, supervising a team of over 10 lawyers and staff to execute an expanded discovery and dispositive motion strategy, and successfully writing and arguing key motions for summary adjudication. Mr. Rozwood's representation resulted in his client paying nothing and plaintiffs making a significant payment to Mr. Rozwood's client in settlement of its cross-claims;

- Researching, preparing and arguing a motion to compel NASD arbitration in a case involving

15

complex securities and insurance products. Mr. Rozwood negotiated the protective order and handled all fact development and legal issues, including the respective duties of broker/dealers and issuers in those transactions. Based on witness interviews and review of key documents, Mr. Rozwood prepared the Statement of Answer, including a cross-claim for indemnity, wrote the mediation brief, presented the case at mediation, handled all negotiations and settled the case without his client paying anything. Mr. Rozwood also prevailed on the cross-claim for indemnity;

- Representing a major insurance company in shaping case strategy and organizing and supervising a team of associates to execute a discovery plan in an arbitration that went to trial before a panel of AAA arbitrators. Mr. Rozwood took and defended numerous depositions, and prepared and prevailed on a motion to compel key witnesses and documents. Mr. Rozwood also reviewed and analyzed key documents, including the Underwriting and Quota Share Reinsurance Agreements and damages production, and worked with damages expert to prepare his report. After researching relevant fiduciary duty principles for agents in insurance law contexts, Mr. Rozwood drafted the trial brief on that point and addressed form and rate filings with regulatory authorities and related actuarial justifications. After Mr. Rozwood cross-examined the other side's chief actuary and underwriter at trial, Mr. Rozwood's trial team defeated all adverse claims, and their client prevailed on some of its affirmative claims;

- Researching and preparing the opposition to plaintiffs' motion for a temporary restraining order and settling the case on favorable terms for his client before the hearing in a trademark infringement action brought by a major computer company;

- Researching and revising a demurrer based on plaintiff's improper joinder of defendants, and obtaining an outright dismissal of the suit in a unfair premium refund practices complaint alleging violations of Cal. Bus. & Prof. Code §17200 brought against a Bermuda-based property and casualty reinsurer; and

- Working on a trial team that defeated a $100 million claim at trial for tortious business practices and contract breaches against one of the largest telecommunications services companies in the world. Mr. Rozwood researched and wrote numerous motions *in limine*, worked with statistics expert to prepare rebuttal declaration testimony supporting same, and drafted portions of the trial brief.

Mr. Rozwood also has extensive experience representing studios and television networks in

a variety of assignments, including researching and writing anti-SLAPP motions, and successfully

demurring to a false advertising suit on first amendment grounds. Mr. Rozwood has also represented

the executives of a top network in negotiating an extension to showrunner team's production contract

16

in connection with renewal of a well-known TV series.

Mr. Rozwood has handled numerous contract and copyright claims and AFMA arbitrations, including several arbitrations relating to pre-sales and delivery disputes arising out of distribution contracts, and a suit to recover a Minimum Guarantee advance payment based on failure to meet delivery specifications.

Mr. Rozwood now focuses his litigation efforts on representing shareholders, consumers and employees in complex class and representative actions in California and throughout the United States.

**KEVIN A. SEELY**

Kevin A. Seely is a former Assistant United States Attorney ("AUSA") with substantial experience in both criminal and civil fraud prosecutions. He is a trial lawyer with over 15 years of litigation practice in government and in the private sector. He graduated, *cum laude*, from the University of California at Irvine in 1989 and earned his Juris Doctor degree in 1992 from the Northwestern School of Law of Lewis & Clark College, where he was an Associate Editor of Law Review. He is licensed to practice law in California, Guam and the Northern Mariana Islands. At the Firm, Mr. Seely focuses on representing shareholders, consumers and employees in complex class and representative actions in California and throughout the United States.

Mr. Seely has a proven track record in litigating and trying complex criminal and civil fraud cases. Throughout his career, Mr. Seely has been responsible for developing and implementing complex fraud and public corruption investigation and litigation strategies. While he was with the government, he has worked with and consulted, among others, numerous auditors, forensic accountants, and other experts, including agents from the Federal Bureau of Investigations, Office

17

of Inspector General, and Central Intelligence Agency. He has worked with these experts and agents to develop complicated investigations and to prepare matters for trial. In prosecuting these cases, Mr. Seely mastered, among other things, the tracing of fraudulent transactions through mazes of accounting spreadsheets and accounting records.

Over the years, Mr. Seely has handled countless complex and document-intensive discovery issues and disputes. He has represented several foreign entities, obtained documents from foreign countries, and taken depositions of foreign nationals. He has ample experience working closely with expert witnesses in a variety of technical fields and has logged hundreds of hours working with experienced forensic accountants in order to master complex accounting systems of the companies that were being investigated. He has perfected the skill of being able to translate complex and convoluted subject matter into understandable and logical facts able to be comprehended by the average juror.

Mr. Seely has argued numerous motions in both civil and criminal matters. He has assisted federal agencies in drafting detailed search warrants and document demands. He has taken numerous depositions and ample Grand Jury testimony. He has tried cases before judges and juries and he has negotiated multi-million dollar settlements.

In doing all of this, Mr. Seely earned a reputation as a solid and tenacious trial lawyer. For example, he was once appointed by a court to perform as the lead defense counsel in a murder trial. Later in his career, as an AUSA, he successfully prosecuted high-ranking government officials, corporate entities, and sophisticated business professionals for a variety of fraud schemes, including wire and mail fraud, bribery, theft of government services, embezzlement, and healthcare fraud, among other things. Following a jury trial, wherein Mr. Seely obtained a guilty verdict against a

former Finance Secretary for stealing public funds, the veteran District Court Judge presiding over the matter later commented that Mr. Seely's trial presentation was one of the best presentations that the judge had seen in his courtroom.

Before serving as an AUSA, Mr. Seely had already acquired substantial civil litigation experience. From 1992 to 1998, Mr. Seely was first an associate and then later a partner of the law firm of Mair, Mair, Spade & Thompson, P.C., where he primarily represented corporate clients in complex business and litigation matters. His primary areas of focus were in commercial litigation and insurance defense. During his tenure with the firm, Mr. Seely worked on a number of complex commercial cases, conducting numerous depositions and arguing countless discovery and dispositive motions and appeals.

As an AUSA for the Districts of Guam and Northern Mariana Islands from 1998 through 2000, Mr. Seely handled complex criminal matters for the United States government. His focus was on white collar crime and public corruption matters. Many of these cases involved claims of embezzlement and wire fraud by white collar professionals in the banking, government services and healthcare industries.

From 2000 to 2006, Mr. Seely served as an AUSA in the Southern District of California. In this position, Mr. Seely expanded his complex fraud prosecution practice to encompass civil fraud claims under the Federal False Claims Act. These cases, while varied, primarily involved the investigation and civil prosecution of fraudulent billing practices by defense contractors and healthcare providers.

**CRAIG W. SMITH**

Mr. Smith is a Principal of the Firm. He earned his Bachelor of Arts degree from the

University of California at Berkeley in 1988, where he was initiated into Phi Beta Kappa. Mr. Smith received his Juris Doctor from the Yale Law School in 1992. While at Yale, he completed an externship at the United States Attorney's New Haven, Connecticut Office.

Mr. Smith joined the Litigation Department of O'Melveny & Myers LLP in 1993. He spent over a decade representing Fortune 500 corporations and their officers, directors and controlling shareholders in securities class actions and shareholders' rights litigation and in related SEC, NASD and NYSE investigations. Mr. Smith has successfully defended clients accused of financial reporting fraud, product development fraud, GAAP non-compliance, improper revenue recognition, insider trading, breach of fiduciary duties and market manipulation, in the energy, financial services, information technology, leisure services and software industries. In addition to his extensive securities litigation experience, Mr. Smith also represented clients in a broad range of complex commercial litigation and regulatory matters, including business tort, Business and Professions Code Section 17200, environmental, eminent domain, professional malpractice, commercial speech and defamation actions.

In 2003, Mr. Smith joined a global financial services company, as Regional Counsel for the Northern Pacific Region, which encompassed 35 retail securities brokerage offices with 1,200 employees, located throughout California, Oregon, Washington, Alaska and Hawaii. Mr. Smith was the primary legal counsel for the Region Manager, the 35 branch office managers, and their respective management teams, supervising and advising management regarding all litigation, employment and regulatory matters. Mr. Smith also conducted internal investigations, responded to regulatory inquiries, prepared employees for interviews and testimony before the SEC, SROs and state regulators, and provided legal advice regarding client complaints and arbitrations, compliance

and supervision, financial products and services, restricted securities, trademark and privacy, competition and transactional matters.

Mr. Smith's practice at the Firm focuses on representing shareholders in derivative, mergers and acquisitions and class actions.

Mr. Smith is licensed to practice law in the State of California, the United States District Courts for the Central and Northern Districts of California, and the Ninth Circuit of the United States Court of Appeals.

**ASSOCIATES**

**STEVEN J. SIMERLEIN**

Mr. Simerlein earned a B.A. in Political Science from Tulane University, New Orleans, Louisiana, in 1983, graduating cum laude with departmental honors. Receiving a commission in the U.S. Navy after graduation, he first served as the Main Propulsion Assistant on the USS Dubuque (LPD-8), an amphibious transport dock for the U.S. Marines. While onboard, he received recognition as a top shiphandler in the Pacific Fleet for his ship type. In 1986, he was assigned as the Combat Systems Officer on the Navy hydrofoil USS Aquila (PHM-4). He participated in extensive drug smuggling interdiction and other special operations in the Caribbean Sea.

Following his military service, Mr. Simerlein attended Loyola of Los Angeles Law School, earning his J.D. in 1991. While at Loyola, he received the highest grade in Insurance Law and served on the school's International and Comparative Law Journal. He also served in the Los Angeles District Attorney's office, where he prosecuted 25 felony preliminary hearings and a successful jury trial.

Mr. Simerlein began his legal career with the San Diego law firm of Jennings, Engstrand &

Henrikson, where he practiced bankruptcy and public agency law. In his first year, Mr. Simerlein assisted the U.S. Trustee's office and creditors in Bankruptcy Court. In particular, he made numerous appearances on behalf of secured creditors that successfully moved for relief from the automatic bankruptcy stay. He also assisted the federal Resolution Trust Corporation with the favorable resolution of disputed loan guaranties. Finally, he also began to develop expertise in the representation of public entities, handling such diverse areas of practice from eminent domain, water and environmental law, and First Amendment disputes.

Mr. Simerlein then moved to the San Diego office of Weissburg & Aronson, Inc. He focused his practice on the representation of public agencies and public & private health care entities. Mr. Simerlein spent significant time as counsel to client boards and staff relative to service contracts, real estate acquisitions, eminent domain disputes, redevelopment, California Environmental Quality Act, insurance and self-insurance, conflict of interest, public records and open meetings laws. He also defended the firm's health care providers in regulatory enforcement proceedings by the state and federal government.

In 1996, Weissburg & Aronson, Inc. merged with the national law firm of Foley & Lardner LLP. Mr. Simerlein then began to focus the majority of his practice as a litigator in administrative, state and federal court forums. Mr. Simerlein became a partner at Foley & Lardner LLP in 2000. His wide variety of clients included public self-insurance pools, school, fire, and health care districts, skilled nursing and assisted living facilities for the elderly, and physician groups. He developed significant expertise in the areas of insurance and self-insurance pools, public contracts, bidding disputes, mechanic's liens and stop notices, construction claims and disputes, regulatory and enforcement proceedings against health care clients, and the development of web sites.

In particular, his efforts on behalf of health care clients in about 50 matters before state and federal administrative law judges and hearing officers allowed clients to strike or minimize substantial proposed penalties, improve the quality of care rendered at the facilities and avoid closures that would have disrupted patient continuity of care.  For his public entity clients, Mr. Simerlein litigated a wide variety of matters, including a bench trial in which the court granted an emergency easement to allow the timely completion of a school, post-judgment motions on behalf of a client that reduced potential interest on a claim by several million dollars, and school construction disputes in state and federal courts that uniformly resulted in favorable settlements or arbitrations for his clients.

Since joining the Firm, Mr. Simerlein's practice has narrowed to the litigation of class actions, shareholder derivative lawsuits, insurance disputes and related matters.  Mr. Simerlein also is fluent in the Spanish language and has undertaken occasional pro bono work for under-represented Latino clients to help facilitate their access to the judicial system.

**CAROLINE ANN SCHNURER**

Ms. Schnurer graduated with a Bachelor of Arts degree in Politics from Scripps College in Claremont, California in 1995.  She earned her law degree at the University of Notre Dame Law School in South Bend, Indiana in 1999.   Ms. Schnurer is licensed to practice in the State of California.

Upon graduation from law school, Ms. Schnurer began an extensive practice in estate planning, probate, trust administration, conservatorships, elder law, and probate and trust litigation in Palm Springs, California.  After moving to San Diego, Ms. Schnurer has concentrated her practice in the litigation of complex class actions, securities fraud and shareholder derivative actions.  In the

context of shareholder derivative claims, Ms. Schnurer has been successful in remanding shareholder derivative suits from federal court to state court. For example, in *Rabin v. Antioco, et al.,* No. 03CV1058 D (N.D. Tex.), a shareholder derivative suit brought on behalf of Blockbuster, Inc., the defendants removed the case to federal court based upon plaintiff's allegations of the defendants' violations of federal securities laws. Ms. Schnurer successfully argued that the allegations of the defendants' violations of federal securities were merely used as support for the defendants' violations of state fiduciary laws and were not essential in determining whether or not the defendants breached their fiduciary duties under state law. Then again, in *Fathergill v. Rouleau, et al.,* No. 03CV0879 D (N.D. Tex.), a shareholder derivative suit on behalf of Michaels Stores, Inc., the defendants claimed that the case should be removed to federal court because plaintiff's allegations of federal securities violations had to be adjudicated in order to resolve plaintiff's state law claims. Ms. Schnurer once again successfully argued that the allegations of federal securities violations were peripheral to the state law issues and that the state law allegations did not involve the resolution of a substantial question of federal law. Both cases were remanded and plaintiffs in both actions were awarded their attorneys' fees and costs incurred in connection with defendants' improvident removal. *See Young ex rel. Blockbuster, Inc. v. Antioco,* 2003 U.S. Dist. LEXIS 13786 (N.D. Tex. Aug. 6, 2003); *Fathergill v. Rouleau,* 2003 U.S. Dist. LEXIS 10654 (N.D. Tex. June 23, 2003).

## MARK A. GOLOVACH

Mr. Golovach graduated from the University of Illinois at Urbana-Champaign with a Bachelor of Arts in Political Science in 1998, where he was named to the Dean's List each semester. Mr. Golovach obtained a Juris Doctor degree from Tulane University School of Law in New Orleans, Louisiana in 2001. During law school, Mr. Golovach was selected by faculty members to

24

participate in Tulane's Civil Law Clinic, where he represented indigent clients in employment, family law and landlord/tenant disputes as a student attorney. Mr. Golovach spent his law school summers working as a law clerk for the Honorable J.E. DeVilbiss in Aspen, Colorado and as a summer associate for Hillyer & Irwin in San Diego (concentrating on civil litigation matters). At the Firm, Mr. Golovach litigates complex commercial matters, including securities fraud class actions and shareholder derivative suits.

Since the beginning of his legal career, Mr. Golovach has focused on complex commercial litigation matters, including class actions. Mr. Golovach has gained experience throughout his legal career in all phases of commercial litigation and complex case and fact development, from discovery to motion work. He has conducted or defended nearly 100 depositions in a varied range of cases. Mr. Golovach has also successfully written and argued numerous discovery and dispositive motions in both state and federal courts.

In addition to honing his legal skills over the years, Mr. Golovach has also remained a committed member of his community. His community leadership dates back to law school, where he was elected Vice President of the Sports Law Society. More recently, in 2003, Mr. Golovach served as a member of the Board of the San Diego Barristers Club. He is also involved in skill development organizations. In 2006, for example, he participated in the American Inns of Court, Louis M. Welsh chapter, a workshop that builds a variety of litigation skills. Mr. Golovach is licensed to practice law in the State of California and the United States District Court for the Southern District of California.

**LOUIS A. KERKHOFF**

Mr. Kerkhoff graduated with a B.A. in Psychology and a minor in Economics from the

25

Louisiana State University in 1998. He earned his law degree at the Louisiana State University, Paul

M. Hebert Law Center in 2002, where he was awarded the Center for Computer Assisted Legal

Instruction Excellence for the Future Award for the top score in Uniform Commercial Code Sales.

While in law school, Mr. Kerkhoff was also a member of the *Louisiana Law Review*.

Since joining the Firm, Mr. Kerkhoff has concentrated his practice in the litigation of

complex class actions and shareholder derivative actions. Mr. Kerkhoff is licensed to practice law

in the State of California.

### SHANE P. SANDERS

Mr. Sanders received his Bachelor of Arts in Sociology from the University of California at

Santa Barbara ("UCSB") in May 2001. He was also a member of UCSB's Division I track and field

team, specializing in the 400-meter dash. In May 2004, he obtained his Juris Doctor from the

University of San Diego School of Law ("USD"). During law school, Mr. Sanders worked as a law

clerk at the San Diego County Public Defender's Office, where he represented clients in various

criminal matters and gained invaluable experience both in and out of the courtroom. He gained

further experience in legal writing and oral argument through his participation in USD's Thorsnes

Closing Argument Competition and Senior Honors Moot Court Competition. He was also a member

of the Sports and Entertainment Law Society and the Association of Trial Lawyers of America.

Since joining the Firm, Mr. Sanders has concentrated his practice in the litigation of complex

class actions, securities fraud and shareholder derivative actions. Mr. Sanders is licensed to practice

law in the state of California.

### REBECCA A. PETERSON

Ms. Peterson received her Bachelor of Arts in Political Science with a focus in Philosophy

of Political Thought and a concentration in Environmental Studies from St. Olaf College in

Northfield, Minnesota in 1998. While attending St. Olaf, Ms. Peterson was a frequent contributor

of opinion pieces to the student newspaper, Manitou Messenger. As an undergraduate, Ms. Peterson

was also an intern for the American Bar Association's Section of International Law in Washington

D.C. Upon graduation, Ms. Peterson went to work at North State Advisers, a governmental and

public relations firm in Minneapolis, Minnesota, where she served as the Communications Specialist

and a Lobbyist. While at North State Advisers, Ms. Peterson advised clients on political strategies,

effectively argued client issues before elected officials, drafted amendments and introduced bills on

behalf of clients. Ms. Peterson left North State Advisers in 2002 to attend law school.

In May 2005, Ms. Peterson received her Juris Doctor from the University of San Diego

School of Law. During law school, Ms. Peterson was a law clerk for the County Attorney's Office

of Ramsey County in Minnesota and a research assistant to Kevin Cole, the present Dean of the

University of San Diego School of Law. Additionally, Ms. Peterson was a law clerk at the Attorney

General's Office of the State of California in the Criminal division of Appeals, Writs and Trials in

San Diego. Ms. Peterson, as a certified law student, had the very unique opportunity to submit

multiple Respondent Briefs on behalf of the State and successfully argue two cases in front of the

Court of Appeals.

In the fall of 2005, Ms. Peterson was licensed under the General Securities Representative

Examination, informally known as the Series 7, to solicit, purchase and/or sell all securities products

and under the series 66 as an Investment Advisor Representative.

Since joining the Firm, Ms. Peterson has concentrated her practice in the litigation of

complex securities class actions and shareholder derivative actions. Ms. Peterson is licensed to

27

practice law in the State of California.

### ASHLEY R. PALMER

Ms. Palmer received her Bachelor of Arts in Psychology from the University of California at Santa Barbara ("UCSB") in May 2002. She then accepted a full scholarship to Thomas Jefferson School of Law, where she obtained her Juris Doctor in May 2006. Ms. Palmer graduated from law school, *summa cum laude*, second in her class out of 194 students. While in law school, Ms. Palmer was Chief Articles Editor and Notes Editor of Law Review and Vice President of Operations of the Tax Society, as well as a summer associate with the Firm. She also received the Outstanding Scholastic Achievement Award for the 2004-2005 school year in recognition of her significant contribution toward overall legal scholarship. Ms. Palmer was also on the Dean's List throughout law school and achieved the highest grade in Honors Legal Writing II, Trusts, Property II, Business Associations and Securities Regulations.

Since joining the firm, Ms. Palmer has concentrated her practice in the litigation of complex actions, including securities fraud class actions and shareholder derivative actions. Ms. Palmer is licensed to practice law in the state of California.

### JILL E. KLEMANN

Ms. Klemann graduated from the State University of New York ("SUNY") at Geneseo in 2003 with a Bachelor of Arts degree in Sociology and a minor in Legal Studies. While at SUNY Geneseo, Ms. Klemann served as a research assistant to Dr. Anne Eisenberg, researching a national lobby group from its inception as a family and friends support group. She was also a member of the Alpha Kappa Delta Sociology Honor Society and on the Dean's List her senior year.

Ms. Klemann then earned her law degree and mediator certificate at Roger Williams

28

University School of Law in Bristol, Rhode Island in 2006. During law school, Ms. Klemann participated in the Roger Williams University Community Justice and Legal Assistance Clinic, where she represented clients from the Adult Correctional Institute in various family law matters, gaining invaluable experience both in and out of the courtroom. Additionally, Ms. Klemann interned at the Monroe County District Attorney's Office, Major Felonies Bureau, in Rochester, New York collaborating on case and trial strategy, as well as participating in trial preparation. Ms. Klemann gained insight into the American and English legal systems as a Mini-Pupil during a comparative advocacy study abroad program in London, England. As a Mini-Pupil, Ms. Klemann was able to shadow both a criminal barrister and solicitor and assisted in a criminal trial.

Since joining the Firm, Ms. Klemann has concentrated her practice in the litigation of breach of fiduciary duty actions involving publicly traded companies and their current and past officers and directors. Ms. Klemann is licensed to practice in the State of California.

### DANIEL R. FORDE

Mr. Forde received his Bachelor of Arts in Political Science from the University of Arizona in December 2002. While at the University of Arizona, Mr. Forde served as an intern for two years for United States Senator John McCain, working directly with constituents to resolve disputes with various federal agencies. Mr. Forde also assisted Senator McCain in his year 2000 presidential bid. As an undergraduate, Mr. Forde also served as the president and philanthropy chair of the 120-member fraternity of Phi Gamma Delta.

Mr. Forde earned his Juris Doctor from California Western School of Law in April 2006. During law school, Mr. Forde earned an Academic Achievement Award in Securities Regulation and authored original thesis papers providing analysis of: (i) the U.S. Sherman Antitrust Act; and (ii) the

29

European Union's Anti-Competition Laws. Prior to his completion of law school, Mr. Forde worked as a summer associate for the Firm and also completed an internship with the San Diego City Attorney, Civil Division, working on numerous municipal bond offerings. Additionally, Mr. Forde worked as a law clerk with a solo practitioner in a major California Blue Sky securities fraud bench trial. Finally, Mr. Forde also completed an internship at British Telecom in London, England, working with in-house counsel on important corporate governance matters.

Since joining the Firm, Mr. Forde has concentrated his practice in the litigation of corporate merger actions, complex class actions, and securities fraud and shareholder derivative actions. Mr. Forde is licensed to practice in the state of California.

**ARSHAN AMIRI**

Mr. Amiri earned his Bachelor of Science degree in Chemistry with an emphasis in Biological Chemistry from the University of Utah in 2001. Following his undergraduate studies, Mr. Amiri enrolled in the graduate program for Bioengineering at the University of Utah, and completed his Master of Science program in 2003. During his Master of Science studies, Mr. Amiri's research focused on the targeted delivery of polymer conjugated anti-cancer compounds to tumor sites for cancer therapy. In the summer of 2003, he presented his work at an international science conference for the Controlled Release Society.

Mr. Amiri earned his law degree at the University of San Diego School of Law in 2006. While in law school, Mr. Amiri served as a judicial extern to the Honorable Rudi M. Brewster of the United States District Court for the Southern District of California. Mr. Amiri focused much of his legal coursework on the study of Intellectual Property law by taking such classes as Patent law, Biotechnology law, Intellectual Property Seminar, and an International Intellectual Property.

30

Additionally, Mr. Amiri served as a law clerk to a sole patent practitioner.

Since joining the firm, Mr. Amiri has concentrated his practice in the litigation of corporate merger actions, shareholder derivative actions and breach of fiduciary duty actions involving publicly traded companies. Mr. Amiri is licensed to practice in the state of California.

**JULIA M. WILLIAMS**

Ms. Williams graduated with a Bachelor of Arts degree in Political Science and Economics (with Honors) from the University of California, San Diego in 2002. After graduation, she worked as a financial analyst at a Fortune 500 company. In this position, she prepared presentations and accompanying materials for monthly, quarterly and annual board of directors and executive officer meetings, drafted company financial reports, and participated in the preparation of company wide financials and Securities and Exchange Commission filings.

In May 2006, Ms. Williams obtained her law degree from the University of California, Los Angeles School of Law, with a concentration in Business Law. While in law school, Ms. Williams was Managing Editor for the Entertainment Law Review, and a staff member of the Journal of International Law and Foreign Affairs. Ms. Williams also participated in Moot Court and numerous student volunteer organizations, and was the recipient of the Graduate Opportunity Fellowship.

Upon graduation from law school, Ms. Williams began practice in general civil and business litigation. Since joining the Firm, she has concentrated her practice in the litigation of corporate merger actions, complex class actions, and securities fraud and shareholder derivative actions. Ms. Williams is licensed to practice in the state of California.

**GREGORY DEL GAIZO**

Mr. Del Gaizo graduated *cum laude* from the Providence College in May 2003 before

31

accepting a scholarship to attend the University of San Diego School of Law. Mr. Del Gaizo obtained his Juris Doctor in May 2006. Mr. Del Gaizo became an associate attorney with the Firm in January 2008.

Before becoming an associate with the Firm, Mr. Del Gaizo honed his litigation skills as freelance litigation attorney. One of his first contract assignments with the Firm was in connection with a complex derivative case that arose from accounting manipulations at a large wholesale drug distributor. Besides helping identify key documents in the case, Mr. Del Gaizo played a role in preparing witness materials for depositions, mapping discovery drafts and identifying issues in corporate law relevant to the litigation of the case.

Mr. Del Gaizo's interest in corporate law dates back to his time in law school. As a law student, Mr. Del Gaizo was a research assistant to corporate law professor, Frank Partnoy. As a corporate law research assistant, Mr. Del Gaizo developed his research and legal expertise in the legal principles that relate to the sort and type of shareholder rights litigation that the Firm handles for its clients. Mr. Del Gaizo also demonstrated his commitment to business-related dispute resolution as an intern at Kim & Chang, the largest law firm in Korea. While with Kim & Chang, Mr. Del Gaizo worked on trademark and internet domain name disputes with international implications. Mr. Del Gaizo also interned for the New York City Law Department while in college. As an intern, he worked on briefings concerning the constitutionality of the environmental conditions in New York City jails.

Since joining the Firm, Mr. Del Gaizo has concentrated his practice in the litigation of shareholder derivative actions and in class actions challenging the propriety, terms and disclosures regarding certain merger proposals concerning publicly traded companies. Mr. Del Gaizo is licensed

32

to practice in the state of California.

**PARALEGALS**

### KATHERINE B. SCHEELE

Ms. Scheele graduated from the University of California at San Diego in June of 2003 with

a Bachelor of Arts degree in Political Science and Studio Art, with a minor in Spanish Literature.

In June of 2005, Ms. Scheele earned her American Bar Association approved paralegal certificate

from the University of California San Diego. Since joining the Firm, Ms. Scheele has concentrated

on assisting the Firm in litigating complex shareholder derivative and class action litigation.

### KRISTIN E. HUSTON

Ms. Huston graduated *magna cum laude* from the California State University San Marcos

in 1999 with a Bachelor of Arts degree in Liberal Studies and a minor in Sociology. Ms. Huston

then earned her American Bar Association approved paralegal certificate from the University of

California San Diego in 2002. Since joining the Firm, Ms. Huston has concentrated on assisting the

Firm in litigating complex shareholder derivative and class action litigation.

### SEAN M. PUTTICK

Mr. Puttick graduated with a Bachelor of Arts (with Honors) degree in Economics and

Political Science from the University of Leeds (U.K.) in 1997. After college, Mr. Puttick became

a Document Clerk at Beasley and Co. Solicitors in Manchester, England. He then moved to London

to work for an independent record label, Hooj Choons Ltd., as an assistant to the Director, helping

to sign new artists and negotiate contracts with their management. In 2002, Mr. Puttick took a job

as an Editorial Assistant at the San Francisco Chronicle where he gained a copy editing qualification.

In 2004, Mr. Puttick earned his American Bar Association approved paralegal certificate from New

York University. During and after obtaining his certificate, Mr. Puttick worked as a paralegal at Milberg Weiss, assisting in the litigation of several mutual funds securities cases and multi-district litigation in the health care arena. He moved to San Diego in 2005 and joined Robbins Umeda & Fink, LLP as a paralegal. Since joining the Firm, Mr. Puttick has concentrated on assisting the Firm in litigating complex shareholder derivative and class action litigation.

**LISA A. DOZIER**

Ms. Dozier graduated from the University of Southern Indiana in 1986 with a Bachelor of Science degree in Communications with an emphasis in Journalism and a minor in Psychology. Prior to becoming a paralegal, Ms. Dozier focused on assisting her small business with drafting overseas licensing contracts and preparing and filing copyright and trademark applications. In September 2006, Ms. Dozier earned her American Bar Association approved paralegal certificate from the University of California San Diego, graduating with a perfect 4.0 G.P.A. Since joining the Firm, Ms. Dozier has concentrated on assisting the Firm in litigating complex shareholder derivative and class action litigation.

**CHRISTOPHER M. BOUCHER**

Mr. Boucher received his Bachelor of Arts in History from Williams College in 2003, which included coursework at the University of London. As an undergraduate, Mr. Boucher served as an intern to an Associate Justice of the Juvenile Court for the Commonwealth of Massachusetts, where he worked closely with social workers and observed legal procedures relating to the care and protection of children. Most recently, Mr. Boucher was a paralegal with Kasowitz, Benson, Torres & Friedman LLP in New York City where his work focused on complex civil matters such as mass tort and product liability, including performing in-court trial work regarding the 1993 World Trade

Center Bombing. Since joining the Firm, Mr. Boucher has concentrated on assisting the Firm in litigating complex shareholder derivative and class action litigation.

### ANNA-MARIE BOEHMER

Ms. Boehmer received her American Bar Association approved paralegal certificate in 1997 from Fairleigh Dickinson University, in Madison, New Jersey. Ms. Boehmer, however, began her legal career in 1989 with the law firm of Ravin, Sarasohn, Cook, Baumgarten, Fisch & Rosen, P.C., assisting with debtor representation in Chapter 7, 11 and 13 bankruptcy matters in the federal districts of New Jersey, New York and Delaware. After moving to Las Vegas, Nevada in July of 2000, Ms. Boehmer joined the firm of Shea & Carlyon, Ltd. as a paralegal, assisting with creditor representation in Nevada bankruptcy cases and civil litigation matters. In 2007, Ms. Boehmer moved to San Diego and joined Robbins Umeda & Fink, LLP as a paralegal. Since joining the Firm, Ms. Boehmer has concentrated on assisting the Firm in litigating complex shareholder derivative and class action litigation.

### SHANA SAICHEK

Ms. Saichek graduated from the University of San Diego in 2004. She earned a Bachelor of Arts degree in Political Science, and dual minors in Business Administration and French, where she was named to the Deans' List several semesters. In May of 2006, Ms. Saichek earned her American Bar Association approved paralegal certificate (with High Honors) from the University of San Diego. Since joining the Firm, Ms. Saichek has concentrated on assisting the Firm in litigating complex shareholder derivative and class action litigation.

S:\Admin\Resumes\RUF Resumes\RUF resume.wpd