UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

IN RE BEAR STEARNS COMPANIES, INC.            08 MDL 1963
SECURITIES, DERIVATIVE, AND ERISA
LITIGATION                                    OPINION

This Document Relates To:

    ERISA Action, 07 Civ. 10453

-----------------------------------------X

**Sweet, D.J.**

        Plaintiffs Aaron Howard and Shelden Greenberg ("Plaintiffs") have moved for reconsideration of the Court's January 19, 2011 opinion (the "Opinion"), which dismissed Plaintiffs' Amended Consolidated Complaint ("ACC"). Plaintiffs' motion for reconsideration was filed on February 23, 2011, and it was considered fully submitted on April 6, 2011.

        Plaintiffs seek an amendment of the Opinion to provide that the dismissal of the ACC was without prejudice, and they request leave to file a Second Amended Consolidated Complaint ("SACC") under Federal Rule of Civil Procedure 15(a). For the following reasons, Plaintiff's motion for reconsideration and leave to amend is granted.

**Applicable Standard**

A party seeking leave pursuant to Rule 15(a) to amend a complaint that has been dismissed under Rule 12(b)(6) with prejudice - as is the case here - must first have the judgment amended under Rule 59(e) or Rule 60(b): "A party may seek leave to amend a complaint following the entry of judgment under Rule 15(a). However, the party must first have the judgment reopened under Rule 59(e) or 60(b)." 12 J. Moore et al., MOORE'S FEDERAL PRACTICE ¶ 59.05(1)(c) (3d ed. 1997) (internal footnotes omitted).

The standards governing motions under both Rule 59(e) and Local Civil Rule 6.3 are the same, and a court may grant reconsideration where the party moving for reconsideration demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quotation marks and citations omitted); Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.") (citing Virgin Atl. Airways, Ltd. v. National

Mediation Bd., 965 F.2d 1245, 1255 (2d Cir. 1992)); Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701-02 (S.D.N.Y. 2001) (granting reconsideration due to the court's erroneous application of a statute).  The moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.  See Linden v. District Council 1707-AFSCME, 415 Fed. Appx. 337, 338-39 (2d Cir. 2011) (affirming dismissal of reconsideration motion as movant did not identify any relevant facts or controlling authority that the lower court overlooked); Lichtenberg v. Besicorp Group Inc., 28 Fed. Appx. 73, 75 (2d Cir. 2002) (affirming dismissal of reconsideration motion where movant "failed to demonstrate that the [lower] court overlooked any fact of consequence or controlling legal authority at the time the court decided [the case]").

The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)

3

(citation and quotation marks omitted). A court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig., No. 08 M.D.L. 1963, 2009 WL 2168767, at *1 (S.D.N.Y. Jul. 16, 2009) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.") (quoting Davey v. Dolan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007)); ResQNet.com, Inc. v. Lansa, Inc., No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.") (citations and quotation marks omitted); Ballard v. Parkstone Energy, LLC, No. 06 Civ. 13099, 2008 WL 4298572, at *1 (S.D.N.Y. Sept. 19, 2008) ("Local Rule 6.3 is to be narrowly construed and strictly applied in order to avoid repetitive arguments on issues that the court has fully considered.") (quoting

Abrahamson v. Board of Educ., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002)).

Motions for reconsideration "are not vehicles for taking a second bite at the apple,… and [the court] [should] not consider facts not in the record to be facts that the court overlooked." Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citation and quotation marks omitted).

**Plaintiffs have Sufficiently Established the Propriety of Dismissal Without Prejudice**

There is a strong preference for allowing plaintiffs to amend inadequate pleadings. See Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint") (internal citation and quotations omitted); Foman v. Davis, 371 U.S. 178, 182 (1962) (Leave to amend or replead a complaint is to be "'freely given when justice so requires'") (quoting Fed. R. Civ. P. 15(a)). The Second Circuit has stated that it is "hesitant to preclude the prosecution of a possibly meritorious claim because of defects in the pleadings." Ross v. A.H. Robins Co., 607 F.2d 545, 547 (2d Cir. 1979) (reversing dismissal with prejudice). Under the liberal standards of Rule

15(a), a plaintiff whose complaint is dismissed is frequently given an opportunity to amend the complaint. See, e.g., Olsen v. Pratt & Whitney Aircraft, 136 F.3d 273, 276 (2d Cir. 1998) (vacating judgment and permitting leave to replead); Luce v. Edelstein, 802 F.2d 49, 56-7 (2d Cir. 1986) (reversing district court's order and holding that "dismissal of the complaint without granting leave to amend was an abuse of discretion") (citing Foman, 371 U.S. at 182); Harris v. Amgen, Inc., 573 F.3d 728, 736-37 (9th Cir. 2009) (reversing district court and holding that dismissal without leave to amend is improper unless it is clear that complaint could not be saved by any amendment). In Harris, the Ninth Circuit reversed a district court's denial of leave to amend, holding that:

> A sound theory of pleading should normally permit at least one amendment of a complex ERISA complaint that has failed to state a claim where, as here, the Plaintiffs might be expected to have less than complete information about the defendants' organization and ERISA responsibilities, where there is no meaningful evidence of bad faith on the part of the plaintiffs, and where there is no significant prejudice to the defendants.

573 F.3d at 737. Though Harris did not address a motion under Rule 59(e), the underlying holding remains informative to the case at hand.

Plaintiffs point to several factors militating in support of dismissal without prejudice: the ACC represents the first consolidated complaint in this case; significant evidence about the collapse of Bear Stearns has recently come to light; Plaintiffs have not acted in bad faith; and the Defendants will not be greatly prejudiced by amendment of the ACC at this stage.

Defendants have argued that the ACC, while representing the first consolidated complaint, is derived from many previous individual complaints. They also contend that much of the purported "new" evidence cited by Plaintiffs illuminated facts which were already known.

The Court's strong preference for allowing the amendment of dismissed complaints and the circumstances of Plaintiffs' case, particularly ACC's status as the first consolidated complaint and the revelation of new evidence, lead to the conclusion that justice requires the Court to grant Plaintiffs' request for dismissal without prejudice. See Evans v. Port Authority of N.Y. & N.J., No. 00 Civ. 5753, 2002 WL 418026, at *1 (S.D.N.Y. Mar. 19, 2002) (granting Rule 59(e) motion and permitting leave to amend complaint); In re Lehman Brothers Sec. & ERISA Litig., No. 09 M.D.L. 2017 (LAK) (Pretrial

Order No. 17, Dkt. No. 338) (granting plaintiffs' motion to alter or amend judgment and for leave to amend first consolidated amended complaint).

**Plaintiffs are Granted Leave to Amend under Rule 15(a)**

Under Rule 15(a), "leave to amend 'shall be freely given when justice so requires,' [but] it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)). Leave may be denied for good reason, including undue delay, futility, bad faith, or undue prejudice. Foman, 371 U.S. at 182.

Defendants argue that allowing Plaintiffs to file the SACC would be prejudicial, citing the effort they have expended in defending against the ACC and the effort they will have to expend in fighting the SACC. In gauging prejudice, courts consider whether an amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial," "significantly delay the resolution of the dispute," or "prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs.,

988 F.2d 344, 350 (2d Cir. 1993). The parties have not begun discovery, and, as discussed above, it is common practice to allow plaintiffs to amend their complaints following dismissal. Furthermore, denial of Plaintiffs' motion will preclude them from correcting the flaws in their first consolidated complaint.

Defendants' also contend that the SACC suffers from the same flaws as the ACC. This is not clearly so, as the SACC appears to have addressed the fiduciary duties of Defendants and the reasonableness of maintaining Bear Stearns stock in the Employee Stock Ownership Plan. Defendants' arguments regarding the viability of the SACC are better left for full argument and consideration on a motion to dismiss. See In re Lehman Brothers Sec. & ERISA Litig., No. 09 M.D.L. 2017 (LAK) (Pretrial Order No. 17, Dkt. No. 338) (leaving arguments regarding futility for motion to dismiss). Therefore, in the interests of justice, Plaintiffs are granted leave to amend the ACC under Rule 15(a).

## Conclusion

For the foregoing reasons, the Plaintiffs' motion for reconsideration and leave to amend is granted. Plaintiff must

file an amended complaint within 20 days of the date of this order.

       It is so ordered.

New York, NY
September 6, 2011

                                          ROBERT W. SWEET
                                              U.S.D.J.